**STATE of Iowa, Appellee,**

v.

**Mark A. MUDRA, Appellant.**

**No. 94–1512.**

Supreme Court of Iowa.

May 24, 1995.

Linda Del Gallo, State Appellate Defender, and Ahmet S. Gonlubol, Asst. State Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., Richard Crowl, County Atty., and Kenneth E. Tyler, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, LAVORATO, and SNELL, JJ.

PER CURIAM.

Mark A. Mudra appeals from his conviction, following a guilty plea, for domestic abuse assault causing bodily injury, first offense, in violation of Iowa Code sections 708.1(2) and 708.2A(2)(b) (1993). Mudra contends the district court abused its discretion in failing to state reasons on the record for the particular sentence imposed. We affirm.

Mudra entered a written guilty plea to domestic abuse assault causing bodily injury. The written plea contained a statement that "no promises have been made as to the penalty I will receive if I plead guilty except: A sentence of 4 days in jail with work release." He requested immediate sentencing and waived transcription of the proceedings. On the same day the district court sentenced Mudra to a sixty-day jail term with all but four days suspended. He was placed on probation subject to certain terms and conditions. No reasons were stated in the sentencing order for the sentence imposed. Mudra now asserts the district court could have sentenced him to two days in jail or given him a deferred judgment or sentence.

We review the record to determine if the district court abused its discretion in failing to state reasons for the sentence imposed. *See State v. Dvorsky*, 322 N.W.2d 62, 67 (Iowa 1982). Abuse of discretion may only be found where a court acts on grounds clearly untenable or to an extent clearly unreasonable. *State v. Buck*, 275 N.W.2d 194, 195 (Iowa 1979).

We cannot find clear abuse on the record Mudra has provided on appeal. The record consists of Mudra's written guilty plea and waiver of rights, the sentencing order,

and various trial court papers. There is no written plea agreement, no transcript of the proceedings, and no record of Mudra's criminal background. Thus, it is unclear whether Mudra was eligible for a deferred judgment or sentence, or whether the district court provided adequate reasons during the proceedings or did not have to state reasons due to its acceptance of a plea agreement. *See State v. Snyder*, 336 N.W.2d 728, 729 (Iowa 1983). We will not speculate as to what took place. *See State v. Washington*, 308 N.W.2d 422, 424 (Iowa 1981).

We believe, and strongly advise, that the better practice for a district court in situations where there is no transcription of the proceedings is to always state sufficient reasons in the sentencing order. *See State v. Cooper*, 403 N.W.2d 800, 802 (Iowa App.1987) (case remanded for resentencing because record was insufficient for review when no transcript was made and district court stated insufficient reason for sentence in the sentencing order). However, the lack of a record on this appeal is Mudra's own doing. He voluntarily waived transcription and then, having decided to appeal, made no attempt to make a record of the district court proceedings by either a supplemental statement of proceedings under Iowa Rule of Appellate Procedure 10(c) or by creating a bill of exceptions under Iowa Rule of Criminal Procedure 23.1.

It is a defendant's obligation to provide this court with a record affirmatively disclosing the error relied upon. *State v. Ludwig*, 305 N.W.2d 511, 513 (Iowa 1981). We conclude that, by voluntarily failing to provide such a record, Mudra has waived error on his claim. *See State v. Christianson*, 337 N.W.2d 502, 504 (Iowa 1983). The district court judgment is affirmed.

**AFFIRMED.**