**STATE of Iowa, Appellee,**

v.

**Russell Lysle ALLOWAY, Appellant.**

No. 04–1080.

Supreme Court of Iowa.

Jan. 6, 2006.

Linda Del Gallo, State Appellate Defender, and Greta A. Truman, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Karen Doland, Assistant Attorney General, for appellee.

CADY, Justice.

This appeal requires us to again address a claim that the sentencing court abused its discretion in failing to suspend a sentence and grant probation in a case where the record fails to disclose the reasons for the sentence. We have previously urged trial courts to make a record of the reasons for the imposition of a sentence, and we again do so today. We vacate the decision of the court of appeals, and affirm the judgment and sentence of the district court.

## I. Background Facts and Proceedings

Russell Alloway filed a written plea of guilty to the crimes of possession of methamphetamine and possession of marijuana, in violation of Iowa Code section 124.401(5) (2003), on May 4, 2004. Both crimes are serious misdemeanors, and Alloway was represented by counsel. The written plea contained fifteen paragraphs and covered three pages. The last two paragraphs included the waiver of certain sentencing rights. In paragraph fourteen, Alloway waived his right to appear personally for sentencing and to make a statement in mitigation of punishment. *See* Iowa R.Crim. P. 2.23(3)(*d*). In paragraph fifteen, Alloway waived the requirement for the court to "state on the record its reasons for selecting the sentence imposed." *Id.* More specifically, paragraph fifteen stated:

15. I understand that the court would normally be required to state on the record the reasons for selecting the sentence imposed and give up and waive the requirement that the court do so.

The district court accepted the written plea, but ordered Alloway to appear personally for sentencing notwithstanding the waiver of his right to do so.

Alloway eventually appeared for sentencing on July 2. The sentencing proceedings were not reported, nor was any plea agreement or presentence report made a part of the record. *See id.* r. 2.10(2) ("If a plea agreement has been reached by the parties the court shall require the disclosure of the agreement in open court at the time the plea is offered.").

Instead, the record was limited to the written judgment and sentencing order filed by the district court on the same day as the sentencing. The court entered convictions against Alloway for possession of methamphetamine and possession of mari-

juana. It also fined Alloway $250 for each offense, revoked his driver's license, and sentenced him to 180 days in jail on each conviction, with the sentences to run concurrently. The written order did not state any reasons for the sentences.

Alloway appealed. He claimed the district court erred by failing to state on the record its reasons for the sentence. He also claimed his trial counsel was ineffective for failing to make a record of the proceedings. We transferred the case to the court of appeals. The court of appeals affirmed. It found Alloway waived the requirement that the court state its reasons for sentencing on the record. The court also rejected Alloway's ineffective-assistance-of-counsel claim, finding he suffered no prejudice. Alloway applied for, and we granted, further review.

## II. Standard of Review

■■■■ We normally review sentencing decisions for abuse of discretion. *State v. Evans*, 671 N.W.2d 720, 727 (Iowa 2003). We review claims of ineffective assistance of counsel de novo. *State v. Philo*, 697 N.W.2d 481, 485 (Iowa 2005) (citing *State v. McCoy*, 692 N.W.2d 6, 14 (Iowa 2005)).

## III. Discussion

■■■■ Courts must follow many requirements in the imposition of a sentence in a criminal case in Iowa. *See* Iowa R.Crim. P. 2.23(3)(*d*). One requirement is that the sentencing court "shall state on the record its reason for selecting the particular sentence." *Id.* On one hand, this reveals that criminal defendants are entitled to be informed of the consequences of their criminal acts. *State v. Lumadue*, 622 N.W.2d 302, 304 (Iowa 2001). Yet, the ultimate purpose of the reason-for-the-sentence requirement is to give appellate courts the opportunity to review the discretionary nature of sentencing. *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000). When a court is given discretion in sentencing, a statement of the reasons for the sentence is necessary to allow appellate courts to determine if the discretion in imposing one form of sentence over another form was abused.[1]

The rule governing the court's statement of reasons for a sentence actually imposes two separate requirements. The rule not only requires a statement of the reasons for the sentence be given by the court, but also that a record of the reasons be made. The court can satisfy these twin requirements in one of two ways. First,

---

1. The district court had discretion in sentencing Alloway. Possession of marijuana and possession of methamphetamine are both punishable by a term of imprisonment of two days to six months and a fine of $250 to $1000. Iowa Code §§ 124.401(5), 903.1(1)(*b*) (2003). Moreover, "[a]ll or any part of a sentence imposed ... may be suspended and the person placed upon probation." *Id.* § 124.401(5); *see also* § 907.3(3). This point is important to make because we have held that when the court has no discretion in sentencing, any error in failing to state sentencing reasons is harmless. *See State v. Matlock*, 304 N.W.2d 226, 228 (Iowa 1981) ("In the present case, there could be no abuse of discretion since the court lacked the power to enter a less severe sentence. The error of the court in failing to state its reason did not harm defendant. A remand for resentencing could not change the sentence required under the relevant statutes."); *accord State v. Cason*, 532 N.W.2d 755, 756 (Iowa 1995) ("In *State v. Snyder*, 336 N.W.2d 728, 729 (Iowa 1983), this court held that where the State and the defendant have approved a plea agreement and the sentencing court incorporates the plea agreement in the sentence, 'the sentence was not the product of the exercise of the trial court's discretion but of the process of giving effect to the parties' agreement.' We went on to hold that under those circumstances, stating reasons for imposition of sentence would serve no useful purpose, and any failure to abide by the terms of rule 22(3)(*d*) was harmless.").

the court can orally state the reasons for sentencing at a reported sentencing hearing. *See State v. Johnson,* 445 N.W.2d 337, 342–43 (Iowa 1989) (the sentencing colloquy is part of the record). Second, the court can place the reasons in the written sentencing order. *Lumadue,* 622 N.W.2d at 304; *Johnson,* 445 N.W.2d at 343 (the sentencing order is part of the record). Ten years ago, we strongly encouraged trial courts to state the reasons for a sentence in the sentencing order when the sentencing proceeding is not reported. *State v. Mudra,* 532 N.W.2d 765, 767 (Iowa 1995) (per curiam). We have on numerous past occasions been required to remand a criminal case for resentencing when the reasons for the sentence were not established by the record. *See, e.g., Lumadue,* 622 N.W.2d at 304–05; *Jacobs,* 607 N.W.2d at 690; *State v. Oliver,* 588 N.W.2d 412, 415 (Iowa 1998); *State v. Washington,* 356 N.W.2d 192, 196–97 (Iowa 1984); *State v. Harrington,* 349 N.W.2d 758, 763 (Iowa 1984), *abrogated on other grounds by Ryan v. Arneson,* 422 N.W.2d 491 (Iowa 1988); *State v. McFadden,* 320 N.W.2d 608, 618 (Iowa 1982); *State v. Smith,* 309 N.W.2d 454, 457 (Iowa 1981); *State v. Wilson,* 294 N.W.2d 824, 824 (Iowa 1980); *State v. Marti,* 290 N.W.2d 570, 589 (Iowa 1980); *State v. Pierce,* 287 N.W.2d 570, 575 (Iowa 1980); *State v. Luedtke,* 279 N.W.2d 7, 8 (Iowa 1979). This result is a waste of judicial time and resources.

A defendant can, of course, waive any error by the district court in failing to state the reasons for a sentence on the record. *See Mudra,* 532 N.W.2d at 767. A waiver of the twin requirements of rule 2.23(3)(*d*) constitutes a waiver to a challenge to the sentence based on an abuse of discretion.

■ The court of appeals found Alloway waived the rule 2.23(3)(*d*) requirement both in the written guilty plea and by failing to provide a record on appeal to support his claim of trial court error. The court of appeals also found Alloway failed to preserve his claim of ineffective assistance of counsel by sufficiently explaining how he was prejudiced by the lack of a record. We will address each issue separately.

Our rules of procedure permit criminal defendants to use written pleas of guilty in lieu of personal appearance before a court in serious and aggravated misdemeanor cases. *See* Iowa R.Crim. P. 2.8(2)(*b*). These written guilty plea forms often contain, as in this case, boilerplate language that further waives appearance at sentencing. *See id.* r. 2.27(1) (permitting a defendant to appear by counsel in court in nonfelony cases).

In this case, the written form used by Alloway contained both a waiver of appearance at sentencing and a waiver that the court "state on the record the reasons for selecting the sentence." Yet, a defendant can normally waive personal appearance before a court in indictable misdemeanor cases only with the approval of the trial court. *See id.* r. 2.8(2)(*b*). Here, the district court rejected Alloway's written waiver and required him to personally appear for sentencing. This action by the court, in turn, served to vitiate Alloway's earlier written waiver of the requirement for the court to state on the record the reasons for the sentence. The district court, having required Alloway to appear for sentencing after he filed a waiver of his appearance, was required to follow the requirements for sentencing under our rules unless Alloway provided a new waiver of the requirement for the court to place the reasons for the sentence on the record. Under the circumstances, Alloway's written guilty plea did not waive the requirement that

the court state the reasons for the sentence on the record.

█ When the district court fails to state the reasons for a sentence on the record so as to enable us to review a claim on appeal that the district court abused its discretion in sentencing, our remedy is normally to remand for resentencing. Yet, when the absence of a record of the reasons includes the absence of a transcript of the sentencing proceeding, we think a different rule applies. Although rule 2.23 requires the court to make the sentencing record, a record is not solely within the province of the district court. Our rules of criminal procedure permit a defendant in a criminal case to create a record by means of a bill of exceptions under rule 2.25 after sentencing, or by filing a supplemental statement of the record under Iowa Rule of Appellate Procedure 6.10(3) after an appeal has been filed.

In *State v. Mudra*, we held that a defendant waived any claim of sentencing error on appeal by failing to establish a record when the district court failed to make a record. *State v. Mudra*, 532 N.W.2d 765, 767. In that case, the defendant waived the reporting of the sentencing proceeding in district court. *Id.* However, there was no record to further show he waived the requirement for the court to state the reasons for the sentence on the record in the sentencing order. *See id.* (stating only that the defendant "waived transcription of the proceedings"). In other words, the waiver of the reporting of the proceedings only deprived the sentencing court of one means to make the required sentencing record, but did not prevent the court from satisfying its obligation to make a record by other means—i.e., by stating the reasons in the written judgment entry and sentence. Thus, just as in this case, in *Mudra*, there was no record to show that the defendant waived his right to challenge

the sentence on appeal by waiving the requirement for the court to give reasons for the sentence. *See id.* Notwithstanding, we held that the defendant waived his right to challenge the sentence on appeal by failing to submit a record on appeal disclosing the district court's error when a procedure was available to the defendant to make such a record. *See id.* at 767 ("[T]he lack of a record on this appeal is Mudra's own doing. He voluntarily waived transcription and then, having decided to appeal, made no attempt to make a record of the district court proceedings under Iowa Rule of Appellate Procedure 10(c) [now 6.10(3)] or by creating a bill of exceptions under Iowa Rule of Criminal Procedure 23.1 [now 2.25].").

*Mudra* requires us to reach the same result in this case. The issue raised on appeal concerns an abuse of discretion in sentencing, and the defendant must submit a record on appeal to disclose the error. *Id.* If this record, once made, shows no sentencing reasons were given, or the reasons were inadequate, we can then remand for resentencing. If this record shows adequate reasons were given, we can decide the issue presented on appeal. If the record shows the defendant waived the sentencing requirement, we can affirm the district court's sentence on that basis. In this case, Alloway failed to produce a record, and his failure to do so serves as a waiver of "the argument that the district court erred by failing to state its reasons for the sentence imposed on the record". As in *Mudra*, we will not permit a defendant to raise an issue without attempting to give us a record upon which we can decide the issue.

█ Notwithstanding, unlike the defendant in *Mudra*, Alloway claims that his counsel was ineffective for failing to submit a record on his behalf to support his

claim on appeal. Additionally, he claims he was prejudiced by the failure of his attorney to create a record to support his claim of error on appeal because the sentencing court did in fact have discretion to suspend the jail sentence imposed.

■ Claims of ineffective assistance of counsel on direct appeal are preserved for postconviction relief only if the defendant makes a minimal showing of the potential viability of the claim. *State v. Wagner,* 410 N.W.2d 207, 215 (Iowa 1987). This requires the defendant to show the need to develop a further record, and to explain why the actions of counsel were ineffective and how those actions resulted in prejudice. *Id.* A bald assertion is insufficient. *Id.*

Alloway has failed to sufficiently articulate the prejudice prong of his claim. The existence of discretion by the sentencing court in the imposition of sentencing does not explain how Alloway was prejudiced by the lack of a record of the reasons for not suspending the sentence. Alloway was required to allege some reason or some particular circumstance that a record in the case would have brought to light to support an abuse of discretion in the imposition of the sentence. *See People v. Williams,* 96 Ill.App.3d 958, 52 Ill.Dec. 518, 422 N.E.2d 199, 205 (1981) ("There has been no showing by defendant that he has, in fact, been prejudiced by the judge's

omission and there is no indication that the sentence imposed would have been different had the court specified its reasons for the sentence." (citing *People v. Brown,* 89 Ill.App.3d 852, 45 Ill.Dec. 229, 412 N.E.2d 580 (1980))).

## IV. Conclusion

We conclude Alloway waived his claim of error on appeal. Additionally, Alloway's ineffective-assistance-of-counsel claim fails because he failed to sufficiently allege or show prejudice. Accordingly, we vacate the decision of the court of appeals and affirm the sentence and judgment of the district court. Finally, we again urge district courts to fastidiously follow the reason-for-the-sentence requirements, absent a clear record supporting a waiver of the twin requirements, to head off the myriad challenges and claims that seem to arise when defendants are sentenced to incarceration without a record of the reasons for the sentence.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**