IN THE SUPREME COURT OF IOWA

 No. 128 / 04-1080

 Filed January 6, 2006

STATE OF IOWA,

 Appellee,

vs.

RUSSELL LYSLE ALLOWAY,

 Appellant.
________________________________________________________________________
 On review from the Iowa Court of Appeals.

 Appeal from the Iowa District Court for Cedar County, David E.
Schoenthaler, Judge.

 Defendant appeals, alleging the district court erred by failing to
provide reasons for the sentence imposed. DECISION OF COURT OF APPEALS
VACATED; DISTRICT COURT JUDGMENT AFFIRMED.

 Linda Del Gallo, State Appellate Defender, and Greta A. Truman,
Assistant State Appellate Defender, for appellant.

 Thomas J. Miller, Attorney General, and Karen Doland, Assistant
Attorney General, for appellee.
CADY, Justice.
 This appeal requires us to again address a claim that the sentencing
court abused its discretion in failing to suspend a sentence and grant
probation in a case where the record fails to disclose the reasons for the
sentence. We have previously urged trial courts to make a record of the
reasons for the imposition of a sentence, and we again do so today. We
vacate the decision of the court of appeals, and affirm the judgment and
sentence of the district court.
 I. Background Facts and Proceedings
 Russell Alloway filed a written plea of guilty to the crimes of
possession of methamphetamine and possession of marijuana, in violation of
Iowa Code section 124.401(5) (2003), on May 4, 2004. Both crimes are
serious misdemeanors, and Alloway was represented by counsel. The written
plea contained fifteen paragraphs and covered three pages. The last two
paragraphs included the waiver of certain sentencing rights. In paragraph
fourteen, Alloway waived his right to appear personally for sentencing and
to make a statement in mitigation of punishment. See Iowa R. Crim. P.
2.23(3)(d). In paragraph fifteen, Alloway waived the requirement for the
court to “state on the record its reasons for selecting the sentence
imposed.” Id. More specifically, paragraph fifteen stated:

 15. I understand that the court would normally be required to
 state on the record the reasons for selecting the sentence imposed and
 give up and waive the requirement that the court do so.

The district court accepted the written plea, but ordered Alloway to appear
personally for sentencing notwithstanding the waiver of his right to do so.

 Alloway eventually appeared for sentencing on July 2. The sentencing
proceedings were not reported, nor was any plea agreement or presentence
report made a part of the record. See id. r. 2.10(2) (“If a plea agreement
has been reached by the parties the court shall require the disclosure of
the agreement in open court at the time the plea is offered.”).
 Instead, the record was limited to the written judgment and
sentencing order filed by the district court on the same day as the
sentencing. The court entered convictions against Alloway for possession
of methamphetamine and possession of marijuana. It also fined Alloway $250
for each offense, revoked his driver’s license, and sentenced him to 180
days in jail on each conviction, with the sentences to run concurrently.
The written order did not state any reasons for the sentences.
 Alloway appealed. He claimed the district court erred by failing to
state on the record its reasons for the sentence. He also claimed his
trial counsel was ineffective for failing to make a record of the
proceedings. We transferred the case to the court of appeals. The court
of appeals affirmed. It found Alloway waived the requirement that the
court state its reasons for sentencing on the record. The court also
rejected Alloway’s ineffective-assistance-of-counsel claim, finding he
suffered no prejudice. Alloway applied for, and we granted, further
review.
 II. Standard of Review
 We normally review sentencing decisions for abuse of discretion.
State v. Evans, 671 N.W.2d 720, 727 (Iowa 2003). We review claims of
ineffective assistance of counsel de novo. State v. Philo, 697 N.W.2d 481,
485 (Iowa 2005) (citing State v. McCoy, 692 N.W.2d 6, 14 (Iowa 2005)).
 III. Discussion
 Courts must follow many requirements in the imposition of a sentence
in a criminal case in Iowa. See Iowa R. Crim. P. 2.23(3)(d). One
requirement is that the sentencing court “shall state on the record its
reason for selecting the particular sentence.” Id. On one hand, this
reveals that criminal defendants are entitled to be informed of the
consequences of their criminal acts. State v. Lumadue, 622 N.W.2d 302,
304 (Iowa 2001). Yet, the ultimate purpose of the reason-for-the-sentence
requirement is to give appellate courts the opportunity to review the
discretionary nature of sentencing. State v. Jacobs, 607 N.W.2d 679, 690
(Iowa 2000). When a court is given discretion in sentencing, a statement
of the reasons for the sentence is necessary to allow appellate courts to
determine if the discretion in imposing one form of sentence over another
form was abused.[1]
 The rule governing the court’s statement of reasons for a sentence
actually imposes two separate requirements. The rule not only requires a
statement of the reasons for the sentence be given by the court, but also
that a record of the reasons be made. The court can satisfy these twin
requirements in one of two ways. First, the court can orally state the
reasons for sentencing at a reported sentencing hearing. See State v.
Johnson, 445 N.W.2d 337, 342-43 (Iowa 1989) (the sentencing colloquy is
part of the record). Second, the court can place the reasons in the
written sentencing order. Lumadue, 622 N.W.2d at 304; Johnson, 445 N.W.2d
at 343 (the sentencing order is part of the record). Ten years ago, we
strongly encouraged trial courts to state the reasons for a sentence in the
sentencing order when the sentencing proceeding is not reported. State v.
Mudra, 532 N.W.2d 765, 767 (Iowa 1995) (per curiam). We have on numerous
past occasions been required to remand a criminal case for resentencing
when the reasons for the sentence were not established by the record. See,
e.g., Lumadue, 622 N.W.2d at 304-05; Jacobs, 607 N.W.2d at 690; State v.
Oliver, 588 N.W.2d 412, 415 (Iowa 1998); State v. Washington, 356 N.W.2d
192, 196-97 (Iowa 1984); State v. Harrington, 349 N.W.2d 758, 763 (Iowa
1984), abrogated on other grounds by Ryan v. Arneson, 422 N.W.2d 491 (Iowa
1988); State v. McFadden, 320 N.W.2d 608, 618 (Iowa 1982); State v. Smith,
309 N.W.2d 454, 457 (Iowa 1981); State v. Wilson, 294 N.W.2d 824, 824 (Iowa
1980); State v. Marti, 290 N.W.2d 570, 589 (Iowa 1980); State v. Pierce,
287 N.W.2d 570, 575 (Iowa 1980); State v. Luedtke, 279 N.W.2d 7, 8 (Iowa
1979). This result is a waste of judicial time and resources.
 A defendant can, of course, waive any error by the district court in
failing to state the reasons for a sentence on the record. See Mudra, 532
N.W.2d at 767. A waiver of the twin requirements of rule 2.23(3)(d)
constitutes a waiver to a challenge to the sentence based on an abuse of
discretion.
 The court of appeals found Alloway waived the rule 2.23(3)(d)
requirement both in the written guilty plea and by failing to provide a
record on appeal to support his claim of trial court error. The court of
appeals also found Alloway failed to preserve his claim of ineffective
assistance of counsel by sufficiently explaining how he was prejudiced by
the lack of a record. We will address each issue separately.
 Our rules of procedure permit criminal defendants to use written
pleas of guilty in lieu of personal appearance before a court in serious
and aggravated misdemeanor cases. See Iowa R. Crim. P. 2.8(2)(b). These
written guilty plea forms often contain, as in this case, boilerplate
language that further waives appearance at sentencing. See id. r. 2.27(1)
(permitting a defendant to appear by counsel in court in nonfelony cases).

 In this case, the written form used by Alloway contained both a
waiver of appearance at sentencing and a waiver that the court “state on
the record the reasons for selecting the sentence.” Yet, a defendant can
normally waive personal appearance before a court in indictable misdemeanor
cases only with the approval of the trial court. See id. r. 2.8(2)(b).
Here, the district court rejected Alloway’s written waiver and required him
to personally appear for sentencing. This action by the court, in turn,
served to vitiate Alloway’s earlier written waiver of the requirement for
the court to state on the record the reasons for the sentence. The
district court, having required Alloway to appear for sentencing after he
filed a waiver of his appearance, was required to follow the requirements
for sentencing under our rules unless Alloway provided a new waiver of the
requirement for the court to place the reasons for the sentence on the
record. Under the circumstances, Alloway’s written guilty plea did not
waive the requirement that the court state the reasons for the sentence on
the record.
 When the district court fails to state the reasons for a sentence on
the record so as to enable us to review a claim on appeal that the district
court abused its discretion in sentencing, our remedy is normally to remand
for resentencing. Yet, when the absence of a record of the reasons
includes the absence of a transcript of the sentencing proceeding, we think
a different rule applies. Although rule 2.23 requires the court to make
the sentencing record, a record is not solely within the province of the
district court. Our rules of criminal procedure permit a defendant in a
criminal case to create a record by means of a bill of exceptions under
rule 2.25 after sentencing, or by filing a supplemental statement of the
record under Iowa Rule of Appellate Procedure 6.10(3) after an appeal has
been filed.
 In State v. Mudra, we held that a defendant waived any claim of
sentencing error on appeal by failing to establish a record when the
district court failed to make a record. Mudra, 532 N.W.2d at 767. In that
case, the defendant waived the reporting of the sentencing proceeding in
district court. Id. However, there was no record to further show he
waived the requirement for the court to state the reasons for the sentence
on the record in the sentencing order. See id. (stating only that the
defendant “waived transcription of the proceedings”). In other words, the
waiver of the reporting of the proceedings only deprived the sentencing
court of one means to make the required sentencing record, but did not
prevent the court from satisfying its obligation to make a record by other
means—i.e., by stating the reasons in the written judgment entry and
sentence. Thus, just as in this case, in Mudra, there was no record to
show that the defendant waived his right to challenge the sentence on
appeal by waiving the requirement for the court to give reasons for the
sentence. See id. Notwithstanding, we held that the defendant waived his
right to challenge the sentence on appeal by failing to submit a record on
appeal disclosing the district court’s error when a procedure was available
to the defendant to make such a record. See id. at 767 (“[T]he lack of a
record on this appeal is Mudra’s own doing. He voluntarily waived
transcription and then, having decided to appeal, made no attempt to make a
record of the district court proceedings under Iowa Rule of Appellate
Procedure 10(c) [now 6.10(3)] or by creating a bill of exceptions under
Iowa Rule of Criminal Procedure 23.1 [now 2.25].”).
 Mudra requires us to reach the same result in this case. The issue
raised on appeal concerns an abuse of discretion in sentencing, and the
defendant must submit a record on appeal to disclose the error. Id. If
this record, once made, shows no sentencing reasons were given, or the
reasons were inadequate, we can then remand for resentencing. If this
record shows adequate reasons were given, we can decide the issue presented
on appeal. If the record shows the defendant waived the sentencing
requirement, we can affirm the district court’s sentence on that basis. In
this case, Alloway failed to produce a record, and his failure to do so
serves as a waiver of “the argument that the district court erred by
failing to state its reasons for the sentence imposed on the record”. As
in Mudra, we will not permit a defendant to raise an issue without
attempting to give us a record upon which we can decide the issue.
 Notwithstanding, unlike the defendant in Mudra, Alloway claims that
his counsel was ineffective for failing to submit a record on his behalf to
support his claim on appeal. Additionally, he claims he was prejudiced by
the failure of his attorney to create a record to support his claim of
error on appeal because the sentencing court did in fact have discretion to
suspend the jail sentence imposed.
 Claims of ineffective assistance of counsel on direct appeal are
preserved for postconviction relief only if the defendant makes a minimal
showing of the potential viability of the claim. State v. Wagner, 410
N.W.2d 207, 215 (Iowa 1987). This requires the defendant to show the need
to develop a further record, and to explain why the actions of counsel were
ineffective and how those actions resulted in prejudice. Id. A bald
assertion is insufficient. Id.
 Alloway has failed to sufficiently articulate the prejudice prong of
his claim. The existence of discretion by the sentencing court in the
imposition of sentencing does not explain how Alloway was prejudiced by the
lack of a record of the reasons for not suspending the sentence. Alloway
was required to allege some reason or some particular circumstance that a
record in the case would have brought to light to support an abuse of
discretion in the imposition of the sentence. See People v. Williams, 422
N.E.2d 199, 205 (Ill. App. Ct. 1981) (“There has been no showing by
defendant that he has, in fact, been prejudiced by the judge’s omission and
there is no indication that the sentence imposed would have been different
had the court specified its reasons for the sentence.” (citing People v.
Brown, 412 N.E.2d 580 (Ill. App. Ct. 1980))).
 IV. Conclusion
 We conclude Alloway waived his claim of error on appeal.
Additionally, Alloway’s ineffective-assistance-of-counsel claim fails
because he failed to sufficiently allege or show prejudice. Accordingly,
we vacate the decision of the court of appeals and affirm the sentence and
judgment of the district court. Finally, we again urge district courts to
fastidiously follow the reason-for-the-sentence requirements, absent a
clear record supporting a waiver of the twin requirements, to head off the
myriad challenges and claims that seem to arise when defendants are
sentenced to incarceration without a record of the reasons for the
sentence.
 DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT
AFFIRMED.
-----------------------
 [1]The district court had discretion in sentencing Alloway.
Possession of marijuana and possession of methamphetamine are both
punishable by a term of imprisonment of two days to six months and a fine
of $250 to $1000. Iowa Code §§ 124.401(5), 903.1(1)(b) (2003). Moreover,
“[a]ll or any part of a sentence imposed . . . may be suspended and the
person placed upon probation.” Id. § 124.401(5); see also § 907.3(3).
This point is important to make because we have held that when the court
has no discretion in sentencing, any error in failing to state sentencing
reasons is harmless. See State v. Matlock, 304 N.W.2d 226, 228 (Iowa 1981)
(“In the present case, there could be no abuse of discretion since the
court lacked the power to enter a less severe sentence. The error of the
court in failing to state its reason did not harm defendant. A remand for
resentencing could not change the sentence required under the relevant
statutes.”); accord State v. Cason, 532 N.W.2d 755, 756 (Iowa 1995) (“In
State v. Snyder, 336 N.W.2d 728, 729 (Iowa 1983), this court held that
where the State and the defendant have approved a plea agreement and the
sentencing court incorporates the plea agreement in the sentence, ‘the
sentence was not the product of the exercise of the trial court’s
discretion but of the process of giving effect to the parties’ agreement.’
We went on to hold that under those circumstances, stating reasons for
imposition of sentence would serve no useful purpose, and any failure to
abide by the terms of rule 22(3)(d) was harmless.”).