## IN THE COURT OF APPEALS OF IOWA

No. 4-056 / 13-0977
Filed March 12, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MICHELLE FISTER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Christine Dalton, District Associate Judge.

Michelle Fister appeals from her sentence for unlawful possession of a prescription drug. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Rachel C. Regenold, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kyle P. Hanson, Assistant Attorney General, Michael J. Walton, County Attorney, and Dion Trowers, Assistant County Attorney, for appellee.

Considered by Potterfield, P.J., and Doyle, J., and Miller, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**POTTERFIELD, P.J.**

Michelle Fister appeals from her sentence for unlawful possession of a prescription drug. She argues the district court did not provide sufficient rationale for the sentence it imposed. We find no abuse of discretion on the record as presented before us and therefore affirm.

Fister was arrested for unlawfully possessing a prescription drug. She alleged in her defense the drug belonged to her husband and that he would be mad if he knew she had taken them. Fister then pleaded guilty and waived her appearance at the sentencing hearing. The court deferred judgment and placed Fister on unsupervised probation; it also ordered her to pay fees, a civil penalty, and submit to substance abuse evaluation and treatment. The court set a probation review hearing for one year later. At that time, Fister had failed to pay the fees, file a substance abuse evaluation, or obtain substance abuse treatment. The court continued the deferral for another two months. Two months later, Fister still had failed to pay what she owed or obtain a substance abuse evaluation and treatment. The court revoked Fister's deferred judgment and sentenced Fister to 120 days, suspended the sentence and ordered Fister to complete unsupervised probation, pay a $315 fine, obtain a substance abuse evaluation and complete any recommended treatment. The sentencing form used by the district court provided, "The reasons for this sentence are the defendant's prior criminal history, or lack thereof; age and circumstances; to maximize rehabilitation of the defendant and deter future misconduct. Other reasons:" followed by two blank lines. The district court did not write any additional rationale for the sentence on these lines.

Our review of the sentencing proceedings is for abuse of discretion. *State v. Oliver*, 588 N.W.2d 412, 414 (Iowa 1998). "Iowa Rule of Criminal Procedure [2.23(3)(d)] requires a trial court to state on the record its reasons for selecting a particular sentence. Although the explanation need not be detailed, at least a cursory explanation must be provided to allow appellate review of the trial court's discretionary action." *Id.* "We believe, and strongly advise, that the better practice for a district court in situations where there is no transcription of the proceedings is to always state sufficient reasons in the sentencing order." *State v. Mudra*, 532 N.W.2d 765, 767 (Iowa 1995).

In *Mudra*, a defendant waived transcription of the sentencing proceeding and then appealed, arguing the district court failed to provide adequate reasons in its order for the sentence. *Id.* Our supreme court held it was the defendant's obligation to provide an adequate record of the proceedings for our review. *Id.* By failing to use our alternative procedural mechanisms available to create such a record, the court reasoned, the defendant waived his right to appeal the lack of reasons for the sentence imposed. *Id.*

The sentencing form used here included general rationale which did not relay the reasons for the court's specific selection of Fister's sentence. This boilerplate rationale alone does not fulfill the court's duty to provide reasons for selecting a particular sentence. *State v. Lumadue*, 622 N.W.2d 302, 305 (Iowa 2001) ("Missing was a rationale relating to *this* offense, and *this* defendant's background."). We are not provided with sufficient record to review Fister's claim. We therefore cannot find the court abused its discretion in imposing this

sentence on this record.[1] *See State v. Alloway*, 707 N.W.2d 582, 586 (Iowa 2006) ("As in *Mudra*, we will not permit a defendant to raise an issue without attempting to give us a record upon which we can decide the issue."), (*overruled in part on other grounds by State v. Johson*, 784 N.W.2d 192 (Iowa 2010)).

**AFFIRMED.**

---

[1] This scenario is almost identical to that presented to our court in *State v. Strickland*, No. 10–0494, 2010 WL 3503445 (Iowa Ct. App. Sept 9, 2010). We reach the same conclusion.