# IN THE COURT OF APPEALS OF IOWA

No. 3-1226 / 13-1054
Filed March 12, 2014

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**KASHIA NICOLE MYRICK,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Christine Dalton, District Associate Judge.

Kashia Nicole Myrick appeals her sentence for assault causing injury. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Michael J. Walton, County Attorney, and Will R. Ripley, Assistant County Attorney, for appellee.

Considered by Doyle, P.J., and Tabor and Bower, JJ.

**BOWER, J.**

Kashia Nicole Myrick appeals her sentence for assault causing injury. She claims the district court abused its discretion by failing to defer judgment and by failing to give adequate reasons for the sentence as required by Iowa Rule of Criminal Procedure 2.23(3)(d). Because the record Myrick provides is insufficient to properly review the district court's actions, we affirm.

## I. Background Facts and Proceedings

Kashia Nicole Myrick entered a written plea of guilty to one count of assault causing injury on June 6, 2013. On the same date, the State filed a memorandum of plea agreement recommending a fine of $315 and 120 days in jail, with all days suspended, as well as restitution, court costs, and court-appointed attorney's fees. Myrick did not sign the memorandum. Myrick did sign a written application to waive motion in arrest of judgment and the district court proceeded to immediate sentencing, imposing the sentence suggested by the State in the memorandum. No transcript of the hearing was provided by Myrick on appeal. She now claims the district court abused its discretion in failing to defer judgment, and erred in failing to provide sufficient reasons for the sentence.

## II. Standard of Review

We review the district court's sentencing decision for errors at law and will not disturb the sentence imposed unless there is an abuse of discretion or a defect in the sentencing procedure. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

## III.    Discussion

Myrick claims there was both an abuse of discretion and an improper sentencing procedure.   The record provided on appeal is limited.   We are provided only with the memorandum of plea agreement, the written guilty plea, and the written judgment and sentence.   The judgment and sentence form gives few reasons for imposing the sentence: "The reasons for this sentence are the defendant's prior criminal history, or lack thereof, age and circumstances, to maximize rehabilitation of the defendant and deter future misconduct."   We have not been provided a transcript of the sentencing hearing.[1]   On nearly identical facts, our supreme court held when the defendant has failed to provide an adequate record for review of the district court's decision "we will not speculate as to what took place."   *See State v. Mudra*, 532 N.W.2d 765, 767 (Iowa 1995). The lack of a record on appeal is of Myrick's own doing.   "It is a defendant's obligation to provide this court with a record affirmatively disclosing the error relied upon."   *Id.* at 766.   By failing to do so, Myrick voluntarily waived her claims of error.   *Id.*

**AFFIRMED.**

Tabor, J., concurs; Doyle, P.J., writes separately.

---

[1] In addition to providing us with a transcript, Myrick had other options that may have allowed us to review what transpired during the sentencing hearing.   Iowa Rule of Appellate Procedure 6.806 allows a party to provide a statement of proceedings when the transcript is unavailable.   Our rules of criminal procedure also allow for a bill of exceptions.   *See* Iowa R. Crim. P. 2.25.   Myrick did not take advantage of any of these available means.

**DOYLE, P.J.** (writing separately)

I concur, but I write separately to address the inadequacies of the pre-printed judgment and sentence form utilized in this case. The form included the following statement:

> The reasons for this sentence are the defendant's prior criminal history, or lack thereof; age and circumstances; to maximize rehabilitation of the defendant and deter future misconduct. Other reasons: [This area was left blank].

Forms are neat if complete, but this statement, without more, is wholly insufficient and fails to meet the requirements of Iowa Rule Criminal Procedure 2.23(3)(d) (requiring court to state reasons on the record for imposition of a particular sentence). To be sure, the court's statement need not be detailed; only a cursory explanation is needed so long as the appellate court has enough of an indication that the court exercised its discretion. *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010). However, this form's generic language does not even rise to the level of a "cursory explanation." Furthermore, the form's language is not tied to the sentencing decision. *See State v. Lumadue*, 622 N.W.2d 302, 305 (Iowa 2001) (stating the court should give a "rationale relating to *this* offense, and *this* defendant's background"); *State v. Dvorsky*, 322 N.W.2d 62, 67 (Iowa 1982) ("We have said that the nature of the offense; the attendant circumstances; and the defendant's age, character, propensities, and chances of reform are 'minimal essential factors' to be considered when exercising sentencing discretion.").

A court that relies solely upon this form's boilerplate for explanation of the sentence it imposes, without more, skates on thin ice. When the reasons for a particular sentence are not established by the record, we are normally required to

remand the case for resentencing. *See State v. Alloway*, 707 N.W.2d 582, 585 (Iowa 2006), *overruled on other grounds by State v. Johnson*, 784 N.W.2d 192, 197-98 (Iowa 2010). But here, we are not required to remand because Myrick voluntarily waived her claims of error.