## IN THE COURT OF APPEALS OF IOWA

No. 13-0686
Filed August 13, 2014

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**AMY JO ROSS,**
　　　Defendant-Appellant.

_____

Appeal from the Iowa District Court for Montgomery County, James S. Heckerman (plea) and Timothy O'Grady (sentencing), Judges.

A defendant appeals challenging her guilty plea. **AFFIRMED.**

Ashley Kissel of Kissel Law, PLLC, Glenwood, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Nolan McGowan, Student Legal Intern, and Bruce E. Swanson, County Attorney, for appellee.

Considered by Potterfield, P.J., and Tabor and Mullins, JJ.

**MULLINS, J.**

Amy Jo Ross appeals challenging her guilty plea to driving while barred. The plea hearing was not reported; the district court entered an order on February 25, 2013, stating: "State appears by Bruce Swanson. Defendant appears with Allan Kirshen and enters a plea of guilt to Driving While Barred, in violation of Sec. 321.561, Code. Sentencing is set for 1:30 p.m., March 11, 2013." Sentencing was later continued to March 25, 2013, at which time the following record was made:

> The Court also has before it Case AGCR009350. And in this case, the defendant was again before the Court on February 25th, entered a plea of guilty to Driving While Barred, in violation of Iowa Code Section 321.561.
> Sentencing and disposition on the application to revoke probation in the other file were set initially for March 11, 2013, and at the request of the defendant, the Court rescheduled sentencing and disposition with respect to both those files for today. So the defendant, Ms. Ross, is again before the Court at this point for sentencing in AGCR009350 and disposition in FECR009192.

After discussion with counsel, the hearing was postponed to April 1, 2013, because of a medical issue.

On April 1, in a reported proceeding, defense counsel told the court, "There is a plea of guilty on the Driving While Barred." The court replied, "The one [case] has a guilty plea entered on the Driving While Barred." Then after some discussions relating to Ms. Ross's health and counseling needs, the court recited that Ms. Ross had "entered a plea of guilty to Driving While Barred in violation of 321.561" and that sentencing had been scheduled then rescheduled to today. Later in the proceeding, the court specifically asked Ms. Ross, "[I]s

there something you would like to say before sentencing in this case?" She replied, "No Your Honor."

Thus a sentencing order was entered on April 1, stating:

> Defendant, Amy Jo Ross, appeared personally and with counsel Alan Kirshen. Defendant entered a plea of guilty to Driving While Barred, in violation of Iowa Code § 321.561. The date of the offense was December 29, 2012. The plea was entered freely and voluntarily. Defendant was advised of the constitutional rights given up by pleading guilty. The Court accepts the plea of guilty and finds defendant guilty. Defendant waives time for sentencing. No reason was offered that Judgment should not be pronounced and none appeared in the record.

The order then documented that Ross was sentenced to two years in prison for this offense. She now appeals seeking to have her conviction vacated and her case remanded to the district court.

In order to challenge a guilty plea on appeal a defendant must file a motion in arrest of judgment at the district court. *State v. Kress*, 636 N.W.2d 12, 19 (Iowa 2001); *see also* Iowa R. Crim. P. 2.24(3)(a). No such motion was filed in this case. The failure to file a motion in arrest of judgment can be excused if the district court failed to advise the defendant of the requirement to file such a motion or if the failure to file the motion was the result of ineffective assistance of counsel. *Kress*, 636 N.W.2d at 19; *see also* Iowa R. Crim. P. 2.8(2)(d). Ross does not allege the court failed to inform her of the obligation to file the motion in arrest of judgment, nor does she claim her trial counsel was ineffective in failing to file the motion or that she would have filed a motion in arrest of judgment if she had been informed of such a right. She simply states there was no written plea or waiver filed in the case and no verbatim record of the plea proceeding.

Because the plea hearing was not reported, we have no verbatim record upon which to determine whether the court advised Ross of the necessity of filing the motion in arrest of judgment. Iowa courts have long held "[i]t is defendant's obligation to provide this court with a record which affirmatively discloses the error upon which he relies." *State v. Bakker*, 262 N.W.2d 538, 544 (Iowa 1978). Where no transcript of a proceeding is available, our rules of appellate procedure articulate how a record can be recreated for appeal purposes. *See* Iowa R. App. P. 6.806. In addition, the Iowa Rules of Criminal Procedure provide a mechanism to create a record where a record does not otherwise exists. *See* Iowa R. Crim. P. 2.25. Ross did not avail herself of either of these remedies to correct the lack of a record of the plea proceeding in this case. Under many circumstances we would find the failure to provide a record showing the alleged error constitutes a waiver of defendant's right to challenge her guilty plea on appeal. *See, e.g.*, *State v. Mudra*, 532 N.W.2d 765, 767 (Iowa 1995) ("We conclude that, by voluntarily failing to provide such a record, Mudra has waived error on his claim.").

The State cites to *Mudra* and asks that we find Ross waived her claim. *Mudra* is, however, distinguishable from the present case. In *Mudra*, the defendant filed a written guilty plea. 532 N.W.2d at 766. In this case, the defendant did not. In *Mudra*, the written guilty plea expressly waived transcription of the proceedings. *Id.* In this case, there is no written waiver of the verbatim record required by Iowa Rule of Criminal Procedure 2.8(3).

Our supreme court recently explained:

> In *Sisco*, we adopted the ABA Minimum Standards for Criminal Justice, Pleas of Guilty, sections 1.4 through 1.7. [*State v. Sisco,*] 169 N.W.2d [542,] 548, 550 [Iowa 1969]. The ABA standards required that "the court should not enter a judgment upon such plea without making such inquiry as may satisfy it that there is a factual basis for the plea." *Id.* at 548 (internal quotation marks omitted). We noted that under the ABA standards, the "inquiry into the accuracy of the plea" was to be made on the "verbatim record of the proceedings at which the defendant enters a plea of guilty." *Id.* at 549–50.

*State v. Finney*, 834 N.W.2d 46, 55–56 (Iowa 2013).[1]  Iowa Rule of Criminal Procedure 2.8(2)(b) is Iowa's adaptation and implementation of those ABA standards referenced in *Finney.*  Our rule, however, expressly permits a defendant to waive the formal requirements of the in-person, in-court colloquy when pleading guilty to serious and aggravated misdemeanor classifications of charges.

> [R]ule 2.8(2)(b) and the case law . . . do not require an in-court conversation for every serious and aggravated misdemeanor case, as long as the written guilty plea is adequate, the defendant waives presence, nothing else appears in the record to dilute the strength of the written guilty plea, the court exercises its discretion to waive the in-court colloquy, and the court is satisfied the plea is voluntarily and intelligently offered. In other words, it is possible for a court to substantially comply with rule 2.8(2)(b) by accepting a well-drafted written guilty plea, properly documented by a well-drafted order accepting the plea, without having engaged the defendant personally in court.

*State v. Sutton*, ___ N.W.2d ___, ___, 2014 WL 1999061, at *4 (Iowa Ct. App. 2014).  When a defendant tenders to the court a written guilty plea to a serious or aggravated misdemeanor that substantially complies with rule 2.8(2)(b), expressly waives defendant's personal presence in court, and waives a verbatim

---

[1] *See also* ABA Standards for Criminal Justice: Pleas of Guilty Standard 14-1.7, cmt. (3d ed. 1999), *available at* http://www.americanbar.org/content/dam/aba/publications/criminal_justice_standards/pleas_guilty.authcheckdam.pdf.

record, the court's acceptance of that plea constitutes acceptance of the waivers of personal presence and of the verbatim record otherwise required by rule 2.8(2)-(3).

In the present case, there was no written guilty plea. Thus, there was no written waiver of a verbatim record. The sparse written record shows that Ross was personally present, but there is no record, verbatim or otherwise, to reveal any compliance with rule 2.8(2). Nor is there any evidence of any waiver, written or oral, of the verbatim record requirement of rule 2.8(3). The order entered by the court on April 1 that recited that Ross's plea "was entered freely and voluntarily" and that she was advised of her constitutional rights is not adequate compliance with any part of rule 2.8. The absence of an adequate record does not prove the court did not engage in a proper colloquy, but it leaves us with no record upon which to determine the propriety of whatever colloquy did occur. Consequently, we have no record as to whether Ross was informed of her right to file a motion in arrest of judgment, and given the due process implications of failure to have a record of the proceedings and the concomitant failure to show there was a waiver of the right to have a record, we refuse to shift the burden to the defendant to create the evidence of what did not occur. So we will not fault Ross for not having a record on appeal to prove the court failed to advise of her of the obligation to file the motion in arrest of judgment to and permit her to challenge her guilty plea.

Turning to the merits of her claim, Ross states her claim to be that the court erred in accepting her guilty plea without first determining that the plea was

made voluntarily and intelligently, and that a factual basis exists for the plea. However, her argument section of her brief consists mainly of quotes from various procedural rules and excerpts from cases. Her argument is entirely summarized in the conclusion paragraph of her brief:

> A proper plea was not entered in this case. Defendant should have been engaged in a plea colloquy to determine requisite guilt on the record, or at the very least a written document should have been filed waiving the necessity of proper plea proceedings to be done orally on the record that was signed by defendant The conviction should be vacated and the case remanded to the district court .

Ross makes no claim of innocence, no claim there was not a factual basis for her plea, no claim her plea was involuntary or unintelligent, no claim that counsel was ineffective in some aspect of the plea proceeding, and no claim she would not have pled guilty if proper procedures had been followed. She has failed to recite how error was preserved or offer any exception to the error preservation requirement, and she has failed to state the scope and standard of review. *See* Iowa R. App. P. 6.903(2)(g)(1)–(2). Her claim is apparently one of structural error or "plain error"[2]—the court did not do what the court should have done—but she has cited no authority in support of such a claim.

> The Iowa case law on "structural error" is minimal and primarily concerns a defendant's adherence to procedural requirements in waiving a jury trial. We originally held failure to adhere to the waiver-of-jury-trial rule requirements was a structural error, but, in a more thoroughly reasoned opinion, changed course. *State v. Stallings*, 658 N.W.2d 106, 111 (Iowa 2003), *overruled by State v. Feregrino*, 756 N.W.2d 700, 707–08 (Iowa 2008). Outside of these cases, our case law provides few applications of structural error.

---

[2] We note Iowa courts have consistently rejected the application of a "plain error" rule in Iowa. *See State v. Rutledge*, 600 N.W.2d 324, 325 (Iowa 1999).

*Lado v. State,* 804 N.W.2d 248, 252 n.1 (Iowa 2011) (discussing structural errors as applied to the prejudice prong of the ineffective-assistance-of-counsel analysis).  Ross has offered no argument in support of extending Iowa case law on structural error.  Accordingly, she has waived any issue of structural error. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of any issue may be deemed waiver of that issue.").

Regardless of the inadequacy of the plea record, we conclude that there is no legal issue sufficiently preserved or raised on appeal that would be justiciable under any record presented.  We therefore affirm her conviction and sentence.

**AFFIRMED.**