# IN THE COURT OF APPEALS OF IOWA

No. 13-1675
Filed November 26, 2014

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**JANNEEN MICHELLE BROOKS,**
     Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Odell G. McGhee, District Associate Judge.

Janneen Brooks appeals the sentence imposed on her conviction of failure to appear. **AFFIRMED.**

Andrea K. Buffington of Ranes Law Firm, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, John Sarcone, County Attorney, and Kevin Hathaway, Assistant County Attorney, for appellee.

Considered by Doyle, P.J., Tabor, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MAHAN, S.J.**

Janneen Brooks appeals the sentence imposed on her conviction of failure to appear. She contends the district court abused its discretion in sentencing her to sixty days in jail without stating its reasons on the record. We review sentencing decisions for correction of errors at law and will not reverse unless an abuse of discretion or defect in the sentencing procedure is shown. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

On September 26, 2013, Brooks pled guilty to failure to appear after waiving her right to a verbatim recording of the proceedings. The sentencing hearing held on October 18, 2013, was also not recorded. Brooks never filed a statement of the proceedings pursuant to Iowa Rule of Appellate Procedure 6.806(1) or a bill of exceptions pursuant to Iowa Rule of Criminal Procedure 2.25.

The sentencing court must state its reason for a particular sentence on the record to allow us to determine whether there has been an abuse of discretion. *State v. Cooper*, 403 N.W.2d 800, 802 (Iowa 1987). If the sentencing hearing is not recorded, it is advisable for the court to state its reasons for imposing a sentence in the sentencing order. *State v. Mudra*, 532 N.W.2d 765, 767 (Iowa 1995).[1] Although the district court failed to state its reasons for imposing the sixty-day sentence in its sentencing order, Brooks's failure to provide a record on appeal prohibits our review of this issue. *See State v. Alloway*, 707 N.W.2d 582, 586 (Iowa 2006) ("[The defendant] failed to produce a record, and his failure to

---

[1] The facts here are similar to those found in *State v. Thompson*, No. 13-1764, 2014 WL 2885345 (Iowa Ct. App. June 25, 2014), which is on further review with the supreme court.

do so serves as a waiver of 'the argument that the district court erred by failing to state its reasons for the sentence imposed on the record.' As in *Mudra*, we will not permit a defendant to raise an issue without attempting to give us a record upon which we can decide the issue."), *overruled on other grounds by State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010); *Mudra*, 532 N.W.2d at 766-67 (stating that when a defendant fails the obligation to provide this court with a record affirmatively disclosing the error relied upon, "[w]e will not speculate as to what took place"). By failing to provide such a record, Brooks has waived error on her claim. *See Alloway*, 707 N.W.2d at 587; *Mudra*, 532 N.W.2d at 767. Accordingly, we affirm.

**AFFIRMED.**