# IN THE COURT OF APPEALS OF IOWA

No. 15-0561
Filed March 23, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DAWAYNE MCGOWAN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Douglas C. McDonald, Judge.


        A criminal defendant appeals his sentence after pleading guilty to driving while barred. **SENTENCE VACATED AND REMANDED FOR RESENTENCING.**


        Leah Patton of Puryear Law P.C., Davenport, for appellant.

        Thomas J. Miller, Attorney General, and Kevin R. Cmelik and Linda J. Hines, Assistant Attorneys General, for appellee.


        Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**POTTERFIELD, Judge.**

Dawayne McGowan appeals his sentence after pleading guilty to driving while barred. He argues the district court failed to comply with Iowa Rule of Criminal Procedure 2.23(3)(d) because it listed McGowan's written plea agreement—which is not contained in the record—as a factor considered in determining his sentence. We find the district court did not adequately comply with the rule and, therefore, vacate McGowan's sentence and remand for resentencing.

## I. Background Facts and Proceedings

On March 24, 2014, the State filed a trial information charging McGowan with one count of driving while barred as a habitual offender, in violation of Iowa Code sections 321.555(1) and 321.561 (2013). On February 20, 2015, McGowan filed a written guilty plea to the same. As a part of the written plea, McGowan initialed a paragraph which read: "A plea agreement in my case exists as evidenced by a memorandum of plea agreement which I have signed. I understand that any plea agreement is not binding on the court." He also waived his rights to an in-court plea colloquy and to personally address the court at the time of sentencing.

The district court accepted McGowan's guilty plea and on March 20, 2015, sentenced him to a 365-day term of imprisonment in county jail. All but ninety days of the sentence was suspended, and McGowan was given credit for time served. He was also placed on unsupervised probation for one year and assessed a $1500 fine, plus applicable costs, surcharges, and fees. In lieu of payment, McGowan was ordered to complete 296 hours of unpaid community

service. The district court explained its basis for the sentence imposed in its written judgment and sentence:

> The following sentence is based on all of the available sentencing considerations set out in Iowa Code section 907.5. The court finds the following factors the most significant to determine this particular sentence: defendant's age, family circumstances, education, prior criminal record, [the] facts and circumstances of this offense, and the belief that the sentence will provide benefit to the defendant and the community. The plea agreement was also considered.

The plea agreement referenced both in McGowan's written guilty plea and in the district court's written judgment and sentence was never made a part of the record.

McGowan now appeals.

## II. Standard of Review

When reviewing a district court's sentencing decisions, we will not reverse absent either an abuse of discretion or a defect in the sentencing procedure such as the consideration of inappropriate matters. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

## III. Analysis

Iowa Rule of Criminal Procedure 2.23(3)(d) provides, in part, that when a district court sentences a defendant, "[t]he court shall state on the record its reason for selecting the particular sentence." The district court may satisfy this requirement either by stating its reasons orally on the record or by including them in its written sentencing order. *State v. Thompson*, 856 N.W.2d 915, 919 (Iowa 2014). The most important purpose of the requirement is to afford appellate courts the opportunity to review the sentencing court's discretion. *Id.*

McGowan argues the district court violated rule 2.23(3)(d) when it based his sentence in part upon a written plea agreement not contained in the record.[1] In other words, he argues the district court did not comply with the mandate that it state on the record—here, in its written sentencing order—its reason for selecting the particular sentence when it listed as one factor under consideration a written document not made a part of the record and, therefore, unavailable for appellate review. We agree.

Our supreme court recently held, in a similar case, that a district court did not adequately state the reasons for its sentence *on the record* as required by rule 2.23(3)(d) when it made reference to a plea agreement whose terms were not contained in the record. *State v. Thacker*, 862 N.W.2d 402, 410 (Iowa 2015). In *Thacker*, as here, a criminal defendant was sentenced after submitting a guilty plea, and the plea agreement was never made a part of the record. *Id.* at 404. As a result, our supreme court explained, a reviewing court looking at the record was left to guess "whether the district court exercised its discretion, simply accepted the parties' agreement, or did a little of both." *Id.* at 410.

---

[1] As recently as two years ago, a criminal defendant wishing to appeal a sentence on the grounds the district court violated rule 2.23(3)(d) was required to provide a record of his sentencing hearing on appeal or else waive error for the claim. *See, e.g.*, *State v. Brooks*, No. 13-1675, 2014 WL 6721201, at *1 (Iowa Ct. App. Nov. 26, 2014) (citing *State v. Mudra*, 532 N.W.2d 765, 767 (Iowa 1995)). However, after *State v. Thompson* was decided in December 2014, a defendant no longer needs to do so. 856 N.W.2d at 921 (overruling *Mudra* and other cases "holding the defendant waives his or her right to appeal a particular sentence when the defendant waives reporting of the sentencing and the court fails to put reasons for the sentence in the written sentencing order"). Now, in the absence of any record of a sentencing hearing we look to the sufficiency of the district court's written sentencing order; if the district court failed to adequately state its reasons for the sentence in the written sentencing order, it has abused its discretion, and we must vacate the sentence and remand the case for resentencing. *Id.*

This is not to say that McGowan's case is indistinguishable from the one considered in *Thacker*. In *Thacker*, the district court used a sentencing form which included only the boilerplate language that its chosen sentence was "based on all of the available sentencing considerations set out in Iowa Code section 907.5," along with a checked box indicating that, of the factors considered, the plea agreement was "the most significant in determining [the] particular sentence." *Id.* at 404. Here, the district court listed a number of specific factors it considered to be most significant to its sentencing decision, and the plea agreement was not listed among those most significant factors but instead as something that "was also considered."

But even with these distinctions, we still find *Thacker* to be controlling because the sentencing defect described in *Thacker* exists here as well, even if to a differing degree. We, the reviewing court, when looking at the record, cannot determine precisely what was considered by the district court or even if the district court followed the plea agreement in whole or in part or otherwise exercised its discretion. We are therefore compelled to vacate McGowan's sentence and remand for resentencing, with the same instructions given to the district court in *Thacker*:

> On remand, if the district court determines it merely gave effect to the parties' agreement and exercised no discretion in sentencing other than to accept the plea agreement as advanced by the parties, it should make the particulars of the plea agreement with respect to the sentence a part of the record. . . . If, on the other hand, the parties did not come to an agreement with respect to the particulars of the sentence or the district court departed from any agreement the parties may have had, then the district court exercised discretion and, as a result, must make a statement on the record as to why it exercised its discretion in the way it did. On remand, there is no requirement the district court arrive at a

different sentence, but only that it satisfy the requirements of Iowa Rule of Criminal Procedure 2.23(3)(d).

*Id.* at 410–11 (internal citation omitted).

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**