STATE of Iowa, Appellee,

v.

Rhonda OLIVER, Appellant.

No. 97–1279.

Supreme Court of Iowa.

Dec. 23, 1998.

Kermit L. Dunahoo of Dunahoo Law Firm, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Martha E. Boesen, Assistant Attorney General, John P. Sarcone, County Attorney, and Ralph E. Marasco, Jr., Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, SNELL, and CADY, JJ.

SNELL, Justice.

Defendant Rhonda Oliver appeals from the sentence imposed following her guilty plea to the charge of fourth-degree theft, contending the sentence must be vacated because of the district court's failure to state reasons for the sentence imposed. Oliver also contests the assessment of a $100 probation enrollment fee. We affirm the assessment of the probation fee, but vacate the one-year suspended sentence imposed by the district court and remand for resentencing.

## I. Background Facts and Proceedings

Defendant Rhonda Oliver was charged with theft for stealing money from her place of employment. She pled guilty to a charge of fourth-degree theft in violation of Iowa Code sections 714.1(1) and 714.2(4) (1997). The district court sentenced Oliver to a one-year suspended sentence. The court specified this sentence was to run consecutively to sentences imposed in two Appanoose County cases. However, the court ordered that her probation pursuant to the suspended sentence was to run concurrently to her other terms of probation. No reasons were stated at the sentencing hearing or in the sentencing order for the sentence imposed. The district court also imposed a $100 probation enrollment fee pursuant to Iowa Code section 905.14 (Supp.1997). Oliver objected, claiming that because the law did not become effective until after she had committed the theft and pled guilty, its application to her operated as an ex post facto law in violation of the United States and Iowa Constitutions. *See* U.S. Const. art. I, § 10, cl. 1; Iowa Const. art. I, § 21.

## II. Scope of Review

■ "We review the record to determine if the district court abused its discretion in failing to state reasons for the sentence imposed." *State v. Mudra*, 532 N.W.2d 765, 766 (Iowa 1995) (citing *State v. Dvorsky*, 322 N.W.2d 62, 67 (Iowa 1982)). An abuse of discretion will be found only when a court acts on grounds clearly untenable or to an extent clearly unreasonable. *Id.* We review Oliver's constitutional claim de novo. Iowa R.App. P. 4.

## III. Failure to State Reasons for Sentence Imposed

■ Oliver first contends her sentence must be reversed and the case remanded for resentencing because the district court failed to state reasons for the sentence imposed. Iowa Rule of Criminal Procedure 22(3)(d) requires a trial court to state on the record its reasons for selecting a particular sentence. Although the explanation need not be detailed, at least a cursory explanation must be provided to allow appellate review of the trial court's discretionary action. *State v. Johnson*, 445 N.W.2d 337, 343 (Iowa 1989) (finding a "terse and succinct" statement may be sufficient, "so long as the brevity of the court's statement does not prevent review of the trial court's sentencing discretion").

The district court stated as follows at the sentencing proceeding:

In your case I do find you guilty of the offense of theft in the fourth degree.... I'm going to sentence you to incarceration for a period of one year. I'm going to suspend that time, and I'm going to place you on formal probation for a period of one year from today's date. Your jail sentence is going to run consecutive with your sentence in Appanoose County....

. . . .

... [I]t is my intention for probation in this matter [to] run concurrently with her other probation. I know the sentence ran consecutively....

The record is devoid of any reasons for the sentence imposed. As shown by the court's statement excerpted above, no reasons were given for either the length of sentence chosen or the decision to have the sentence run consecutively to the Appanoose County sentence.

■ The State responds that Oliver did not preserve error on this issue because it cannot be determined from the record whether the plea agreement included a provision for the imposition of a sentence that would run consecutively to the Appanoose County sentence. If that were the case, no statement of reasons would have been necessary, because the court would not be exercising its discretion, but merely giving effect to the parties' agreement. *See State v. Snyder*, 336 N.W.2d 728, 729 (Iowa 1983). Therefore, the rationale behind rule 22(3)(d) would be inapplicable. *See id.*

Unlike prior cases in which we have found no abuse of discretion because the defendant failed to provide a sufficient record for review, *see, e.g., Mudra*, 532 N.W.2d at 766, the record here is sufficient to enable review of the district court proceedings. The petition to plead guilty does not disclose a provision

for consecutive sentences. Moreover, the district court did not reference such an agreement at the sentencing proceeding when it imposed consecutive sentences. We find the State's intimation that such an agreement existed, without further proof, to be without merit.

The State argues next that despite the district court's express statement at the sentencing hearing regarding its intent to have the sentence run consecutively to the Appanoose County sentence, the court did not actually impose consecutive sentences because the sentence was suspended and the probation terms were ordered to run concurrently. Thus, the State reasons that because the consecutive sentence provision would only take effect if the defendant violated the terms of probation, the court was not required to give any reasons for choosing such a sentence.

This argument ignores the fact that the court failed to give *any* reason for the sentence imposed—not only regarding the consecutive sentence provision, but regarding the length of sentence as well. This omission alone is sufficient error to warrant vacation of the defendant's sentence. *See* Iowa R.Crim. P. 22(3)(d) ("The court shall state on the record its reason for selecting the particular sentence."). Furthermore, we recently noted in *State v. Patterson*, 586 N.W.2d 83, 84 (Iowa 1998), that although the suspension of a sentence prevents or delays its execution, it does not alter its character as a sentence of confinement. Therefore, the sentence imposed must be considered a consecutive sentence, not a concurrent sentence as the State submits. We reject the State's argument that consecutive sentences were not actually imposed.

The State finally argues "it is clear from the record" that the reason for imposing this particular sentence was the defendant's prior criminal record. Although the record does disclose prior offenses committed by the defendant, the court does not list this as a reason, nor does it list any reason, for imposing this sentence. Thus, we reject this contention as well.

Based on the district court's failure to disclose its reasons for the sentence imposed, we vacate the portion of defendant's sentence which imposes a one-year suspended jail sentence and remand for resentencing.

## IV. Assessment of Probation Enrollment Fee

Oliver also contends the district court improperly assessed a $100 probation enrollment fee, as prescribed by Iowa Code section 905.14 (Supp.1997). Oliver contends assessment of this fee operates as an ex post facto law because section 905.14 did not take effect until July 1, 1997. This date was after the commission of the crime and the defendant's guilty plea, but prior to the sentencing hearing, which took place on July 11, 1997.

Section 905.14 provides as follows:

1. A person placed on probation or parole and subject to supervision by a district department shall be required to pay an enrollment fee to the district department to offset the costs of supervision. The fee shall be based on the offense class of the most serious offense for which the person has received probation or parole, including deferred judgments or deferred sentences, and shall be as follows:

a. For a felony, one hundred fifty dollars.

b. For an aggravated misdemeanor, one hundred twenty-five dollars.

c. For a serious or simple misdemeanor, one hundred dollars.

2. The fees established pursuant to this section shall not be waived by the sentencing court. Each district department shall retain fees collected for administrative and program services.

3. The department of corrections may adopt rules for the administration of this section. If adopted, the rules shall include a provision for waiving the collection of fees for persons determined to be unable to pay.

The Ex Post Facto Clauses of the United States and Iowa Constitutions "forbid enactment of laws that impose punishment for an act that was not punishable when committed or that increases the quantum of

punishment provided for the crime when it was committed." *State v. Pickens,* 558 N.W.2d 396, 397 (Iowa 1997) (citing *Weaver v. Graham,* 450 U.S. 24, 28–29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17, 22 (1981)). The question in this case is whether Iowa Code section 905.14 increases the quantum of punishment.

Although we have not previously considered whether fees such as that imposed under section 905.14 are punitive in nature, the language of the statute indicates the fee's purpose is not punitive. The purpose of this statute is apparent in each of the three subsections. Subsection one provides that the fee is intended "to offset the costs of supervision." Iowa Code § 905.14(1) (Supp.1997). Subsection two indicates that each district is to retain the fees imposed in its courts "for administrative and program services." *Id.* § 905.14(2). Furthermore, subsection three provides for implementation of a waiver provision for those defendants who are unable to pay, which also illustrates the nonpunitive nature of the statute. *Id.* § 905.14(3).

We find the purpose of the probation enrollment fee of Iowa Code section 905.14 is clearly not punitive in nature. Therefore, retroactive application of the statute to Oliver does not violate the Ex Post Facto Clauses of the United States or Iowa Constitutions.

V. Summary

Oliver contests only the imposition of the one-year suspended jail sentence and the assessment of the probation enrollment fee in this appeal. We vacate the district court's imposition of the one-year suspended sentence because of its failure to state on the record its reasons for choosing the sentence. We affirm the district court's assessment of the $100 probation enrollment fee pursuant to Iowa Code section 905.14. The case is remanded to the district court for resentencing as required by the terms of this opinion.

**SENTENCE VACATED IN PART AND AFFIRMED IN PART; REMANDED FOR RESENTENCING.**