# IN THE COURT OF APPEALS OF IOWA

No. 13-0912
Filed April 16, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**SHAWN BENEDICT ZIMMERMAN,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Cerro Gordo County, DeDra L. Schroeder (plea) and Colleen D. Weiland (sentencing), Judges.

Shawn Benedict Zimmerman appeals his conviction for theft in the third degree. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, Carlyle D. Dalen, County Attorney, and Rachel A. Ginbey and Andrew D. Olson, Assistant County Attorneys, for appellee.

Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**BOWER, J.**

Shawn Benedict Zimmerman appeals his conviction for theft in the third degree. Zimmerman contends the district court failed to consider a sufficient number of factors during sentencing. Although the district court primarily relied upon Zimmerman's criminal history, we find several sources of information, unrelated to his criminal record, were considered as part of his sentence. Accordingly, we affirm.

## I.    Background Facts and Proceedings

On April 30, 2013, Shawn Zimmerman pled guilty to an amended charge of theft in the third degree.[1] As part of the plea agreement, the State agreed to recommend a sentence of one year in the county jail with all but thirty days suspended and one year of supervised probation. Zimmerman was free to argue for any sentence for which he was eligible.

A sentencing hearing was held on June 3, 2013. During the hearing, the State recommended the sentence agreed upon in the plea bargain and discussed with the court Zimmerman's extensive criminal history. Zimmerman explained he has a five-year old daughter for whom he is partially responsible and asked for a suspended sentence. The district court then personally questioned Zimmerman about his family responsibilities, employment, and education. The district court also discussed with Zimmerman his history of substance abuse and treatment, as well as any possible mental or physical

---

[1] Zimmerman was originally charged with theft in the second degree as a habitual offender.

health problems. Finally, after questioning Zimmerman about his criminal history, the court stated:

> Okay. Well, given your criminal history, I am not willing to suspend the jail time in whole, but I do think that the State's recommendation is appropriate. I don't know that I need to have you serving in actual time more than 30 days unless you can't follow through with the probation. So the State's recommendation is adopted. I'll order that you serve one year in Cerro Gordo County Jail, with all but 30 days suspended.

The sentencing hearing then concluded.

## II. Standard of Review

We review criminal sentences for errors at law. *State v. Hennings*, 791 N.W.2d 828, 833 (Iowa 2010). We will reverse the district court only where it is shown there was an abuse of discretion or an error in the sentencing procedure. *Id.*

## III. Discussion

Zimmerman's sole argument on appeal is the district court impermissibly focused on a single factor, his criminal history, when imposing his sentence.

Iowa Rule of Criminal Procedure 2.23 requires the sentencing court give reasons, on the record, for the sentence selected. The explanation need not be detailed but sufficient to allow for review on appeal. *State v. Oliver*, 588 N.W.2d 412, 414 (Iowa 1998). The sentence "must fit the particular person and circumstances under consideration; each decision must be made on an individual basis, and no single factor, including the nature of the offense, will be solely determinative." *State v. McKeever*, 276 N.W.2d 385, 387 (Iowa 1979). When the district court ignores the factors consistently identified by our supreme court

as essential to a sentencing decision, and instead focuses on a single circumstance, we will find the district court has abused its discretion. *See State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979). However, each factor need not be explicitly stated on the record. *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). It is enough if the record reveals

> the court had before it several sources of information and that it considered other relevant factors, such as the presentence report, lack of positive response by the defendant as a juvenile offender, rehabilitative effects of incarceration as opposed to other alternatives, and protection of the community, as well as the nature of the offense.

*McKeever*, 276 N.W.2d at 388.

Zimmerman's criminal history was the primary factor for the sentence; however, after reviewing the record as a whole, we find the court inquired into and relied upon a number of other circumstances, including Zimmerman's employment status, his education, the fact he has overcome a history of substance abuse, and his role and responsibilities as a father. Finding no abuse of discretion, we affirm.

**AFFIRMED.**