# IN THE COURT OF APPEALS OF IOWA

No. 13-1835
Filed July 30, 2014

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**MICHELLE LYNN STANDIFORD,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.

Michelle Standiford appeals her sentences following guilty pleas to four counts, asserting the district court failed to state on the record its reasons for denying probation and for ordering consecutive sentences. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Patricia Reynolds, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Sheryl Soich, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Linda Fangman, Assistant County Attorney, for appellee.

Considered by Potterfield, P.J., and Tabor and Mullins, JJ.

**POTTERFIELD, P.J.**

Michelle Standiford appeals her sentences following her *Alford* guilty pleas to four criminal counts. She asserts the district court failed to state on the record its reasons for denying probation and for ordering consecutive sentences. We find the district court did provide sufficient reasons for both of these determinations during the sentencing hearing. We affirm.

### I. Factual and Procedural Background

Standiford entered an *Alford* guilty plea[1] to four criminal counts[2] on July 15, 2013. At the sentencing hearing on November 18, the State recommended a prison sentence for each of the four counts for no more than five years and that each sentence run concurrently. Standiford requested suspended sentences and supervised probation.

The district court sentenced her to a maximum of five years for each of the four counts. The first and second counts were to run concurrently, and the third and fourth counts were also to run concurrently. However, the third and fourth counts were to run consecutively to the first and second. Therefore, Standiford's sentence was a maximum of ten years.

During the sentencing hearing, the district court explained to Standiford, "[Y]ou have got a very long and involved criminal history[3] and it's time you paid the price so that maybe, just maybe it will cross your mind to stop doing what you

---

[1] An *Alford* plea allows a defendant to plead guilty while asserting innocence, i.e. without admitting factual guilt. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

[2] Standiford's plea was to two counts of forgery, one count of second-degree theft, and one count of the unauthorized use of a credit card.

[3] The record shows Standiford has multiple felony convictions on theft and drug-related charges, multiple grants of probation, and multiple residential facility commitments. In one case, she absconded from probation. Her probation was revoked in one case, and she has left her residential facility without permission in the past.

have been doing." It stated, "[W]hy you haven't been sentenced to prison before, I guess I don't know. But today is your last day of freedom." Additionally, the district court explained, "I am really considering not going with the five years concurrent on all four counts but stacking these. Because you have been allowed way too long to commit crime after crime after crime after crime and then use your victimhood as reason why you shouldn't pay the price."

Standiford now appeals the sentencing ruling, claiming that the district court did not sufficiently state its reasons on the record for denying probation and for imposing consecutive sentences.

## II. Scope and Standard of Review

"We review sentencing challenges for errors at law." *State v. Liddell*, 672 N.W.2d 805, 815 (Iowa 2003).

## III. Discussion

A sentencing judge must state its reason for imposing a particular sentence on the record. Iowa R. Crim. P. 2.23(3)(d); *see State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010). It must also state on the record its reason for imposing multiple sentences consecutively. *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000). The reasons provided need not be detailed; a cursory explanation that allows for appellate review of the district court's exercise of discretion is sufficient. *State v. Oliver*, 588 N.W.2d 412, 414 (Iowa 1998); *see also State v. Johnson*, 445 N.W.2d 337, 343 (Iowa 1989) (holding that even "terse and succinct" explanations are adequate).

Standiford now asserts the district court "failed to give reasons for ordering that some sentences be served consecutively." She asks us to vacate her sentence and remand for a new sentencing hearing.

However, the district court expressly provided reasons on the record for ordering consecutive sentences. The court stated it was "considering not going with the five years concurrent on all four counts but stacking these. Because you have been allowed way too long to commit crime after crime . . . and then use your victimhood as reason why you shouldn't pay the price." The district court here is clearly discussing its inclination to impose consecutive sentences and its underlying rationale. It is obvious the statement is an explanation for doing so—the court even prefaces its reason with the word "because."[4]

The district court also made a separate statement explaining its denial of probation. The court noted Standiford had successfully avoided long-term imprisonment despite her multiple felony convictions. It explained that after avoiding prison for so long, a prison sentence should be imposed in this case "so that maybe, just maybe it will cross your mind to stop doing what you have been doing." Again, the district court's statement of its reasons is explicit and clear.

Standiford cites three cases in which the insufficiency of the reasons given for consecutive sentences resulted in a remand for resentencing. *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000); *State v. Uthe*, 542 N.W.2d 810, 816 (Iowa 1996); *State v. Delaney*, 526 N.W.2d 170, 178 (Iowa Ct. App. 1994). However, the facts of these cases are distinguishable from those here. In all

---

[4] The district court's unambiguous explanation obviates the need to consider whether the reasons for consecutive sentences are "apparent" from the court's "overall sentencing plan." *See State v. Hennings*, 791 N.W.2d 828, 838–39 (Iowa 2010).

three of the cited cases, the record showed no direct explanation by the district court for consecutive sentencing. *Jacobs*, 607 N.W.2d at 690 ("[T]he court did not provide reasons for its decision to impose consecutive sentences."); *Uthe*, 542 N.W.2d at 816 ("Nothing . . . in the sentencing colloquy could be read as a clue to the court's reasoning."); *Delaney*, 526 N.W.2d at 178 ("There was no indication . . . that the reasons for imposing consecutive sentences were tied to the rather generic and brief reasons for denying probation, or were covered by an overall plan of sentencing."). In this case, the district court explicitly stated it was considering consecutive sentences and immediately thereafter stated its reasons for doing so.

We therefore reject Standiford's request to vacate the sentences. The district court provided reasons for both the denial of probation and the imposition of consecutive sentences sufficient to comport with our case law and our rules of criminal procedure.

**AFFIRMED.**