**IN THE COURT OF APPEALS OF IOWA**

No. 14-1079
Filed February 11, 2015

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**BRANDON BLAKE SLATER,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Cerro Gordo County, Karen K. Salic, District Associate Judge.

Brandon Slater appeals from his three separate convictions and sentences for public intoxication. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Heather Ann Mapes, Assistant Attorney General, Carlyle D. Dalen, County Attorney, and Steven D. Tynan, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**VOGEL, P.J.**

Brandon Slater appeals from his three separate convictions and sentences for public intoxication, arguing the district court was required to provide specific reasons, on the record, for imposing consecutive sentences. Because we find the reasoning for the imposition of consecutive sentences can be found in the overall sentencing plan, we affirm.

On May 20, 2014, Slater was charged by trial information with public intoxication, third or subsequent offense, and third degree criminal mischief, based on conduct that occurred on May 3, 2014. On June 3, 2014, Slater was charged with public intoxication and forth degree criminal mischief. On June 5, 2014, the State filed a third trial information charging Slater with public intoxication, third or subsequent offense. These trial informations were filed under separate case numbers and were based on conduct occurring on different days.

On June 28, 2014, Slater pled guilty under each case number to public intoxication, third or subsequent offense, in violation of Iowa Code sections 123.46 and 123.91(2) (2013). The criminal mischief charges were dismissed. A hearing was held on June 30, 2014, in which the district court accepted Slater's guilty pleas and then proceeded immediately to sentencing. The court imposed a term of incarceration not to exceed two years on each conviction, suspended the sentences, imposed probation for two years, committed Slater to a residential correction facility for 180 days or until maximum benefits are achieved, and ordered a substance abuse evaluation and treatment along with fines, restitution and costs. The sentences were ordered to run consecutively. Slater appeals.

We review sentencing decisions for an abuse of discretion. *State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003). An abuse of discretion is only found when the court exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable. *Id.* "Sentencing decisions are cloaked with a strong presumption in their favor." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000). To the extent Slater challenges the legality of the sentence, we review for correction of errors at law. *See* Iowa R. App. P. 6.907.

Iowa Rule of Criminal Procedure 2.23(3)(d) requires the district court to state on the record its reasons for selecting a particular sentence. *See State v. Oliver*, 588 N.W.2d 412, 414 (Iowa 1998). Although the reasons need not be detailed, at least a cursory explanation must be provided to allow appellate review of the sentence imposed. *Id.* The district court must also give reasons for its decision to impose consecutive sentences. *State v. Harrington*, 349 N.W.2d 758, 763 (Iowa 1984).

At the sentencing hearing, the district court made the following statement:

> When I am devising that sentence, Mr. Slater, or in your case, three sentences, I take into account things such as your age, your prior criminal history, your employment and family circumstances, the nature of this offense, and anything else that I have learned about you throughout these proceedings. And, obviously, any time anyone comes in for sentencing on three charges, we have a pretty recognized pattern that needs to be addressed. And that is not to say that, you know, just because there are three charges as opposed to one, that that's more serious or less serious; but it certainly demonstrates that there's a pattern and there's a clear need for you to have some assistance in getting on the right track because you're committing the same crime over and over again. And while certainly I understand that if you're homeless and you're drunk, there's nowhere really to be publicly intoxicated other than public, but you do have a choice not to be drunk.
> . . . .

And if you're not working, you don't have money for a home, somehow you're getting money, you're somehow getting alcohol and you're not addressing what you really need, which is to get on a better path. I think that we're borrowing trouble just to put you on probation and send you on the streets to fend for yourself, so I'm going to significantly modify what everybody is recommending, which probably isn't going to make anybody happy; but I think it's necessary to provide you some structure, some security, some stability.

. . . .

I think that you need some more structure and supervision. You know when the time that you're committing the third offense, you're just starting to get on your feet, you're definitely not on your feet because you have a new charge and you haven't got those things underway.

So what I'm going to do is on each of the charges, impose a prison sentence not to exceed two years, each one of those will be suspended, and you will be placed on probation to the Department of Correctional Services for a period of two years. As a condition of probation, I'm going to place you at a residential correctional facility such as BeJe Clark, for 180 days or until maximum benefits are achieved.

A very important component is also going to be the requirement that you complete a substance abuse evaluation and follow through with all treatment recommendations.

. . . .

I'm also going to order that these sentences be served consecutively. It's not an issue with you on probation whether they're consecutive or concurrent, the only time that becomes really relevant is if you're unable to successfully complete your probation and we have to look at imposing your sentences. So you do have a lot riding on your sobriety and getting some structure because you have a lot to work on.

When reasons for the imposition of consecutive sentences can be found in the overall sentencing plan, our court may affirm. *See State v. Hennings*, 791 N.W.2d 828, 838 (Iowa 2010); *State v. Johnson*, 445 N.W.2d 337, 343 (Iowa 1989). Upon review of the record, the district court properly set forth the reasons for ordering the sentences to run consecutively. Specifically, it stated Slater would face six years in prison if he did not successfully complete substance abuse treatment, which is clearly the goal of the court's sentencing plan. Beyond

this statement, the court's careful and detailed discussion of the reasoning supporting Slater's sentences demonstrates the purpose of the consecutive sentences can be found in the overall sentencing plan. *See Hennings*, 791 N.W.2d at 838. Consequently, we affirm Slater's sentences pursuant to Iowa Court Rule 21.26(1)(a), (c), and (e).

**AFFIRMED.**

Doyle, J., concurs; McDonald, J., concurs specially.

**MCDONALD, J.** (concurring specially)

I write separately because I disagree with the majority's interpretation of *State v. Hennings*, 791 N.W.2d 828 (Iowa 2010), and application of the "sentencing plan" cases. *See State v. Bell*, No. 13-0902, 2014 WL 2342461, at *3 (Iowa Ct. App. May 29, 2014) (McDonald, J., dissenting); *State v. Scott*, 12–1531, 2013 WL2146226, at *2 (Iowa Ct. App. May 15, 2013) (Danilson, J., concurring specially). As stated in my dissent in *Bell*, the sentencing court is required by rule and case law to state its reason or reasons for imposition of consecutive sentences. The existence of a sentencing plan is not a sufficient substitute for that requirement. Nonetheless, I concur in the judgment in this case. Pursuant to the plea agreement, there was a joint recommendation for suspended sentences. The issue presented to the sentencing court was thus whether the sentences were to run concurrent or consecutive to each other. Given the posture of this case, the sentencing court's statement of reasons for imposition of sentence can be understood as reasons for imposition of consecutive sentences.