## IN THE COURT OF APPEALS OF IOWA

No. 15-0450
Filed March 9, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**WARREN WILLIAM LOVELL,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Muscatine County, Joel W. Barrows, Judge.

A defendant, who pleaded guilty to two counts of incest, challenges the reasons given for his consecutive sentences. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**TABOR, Presiding Judge.**

For the third time, Warren Lovell challenges the consecutive sentences imposed following his guilty pleas to two counts of incest. In two previous appeals, Lovell successfully argued the district court considered an impermissible factor when choosing his sentence. In this appeal, Lovell contends the district court erred on the opposite side, failing to demonstrate it considered the minimum essential factors.

Because the district court expressed, albeit succinctly, its reasons for imposing consecutive terms, we affirm Lovell's sentence.

The district court is required to "state on the record its reason for selecting the particular sentence." Iowa R. Crim. P. 2.23(3)(d). We review the record to assess whether the district court abused its discretion in failing to provide its rationale for the sentence imposed. *See State v. Oliver*, 588 N.W.2d 412, 414 (Iowa 1998). We will only find an abuse of discretion when a court acts on grounds clearly untenable or to an extent clearly unreasonable. *Id.*

On December 3, 2012, Lovell appeared in the district court and pleaded guilty to two counts of incest, class "D" felonies, in violation of Iowa Code section 726.2 (2011). He admitted twice having oral sex with a relative. When Lovell was sentenced in January 2013, the district court impermissibly considered an unproven factor, prompting the State to concede in the first appeal that resentencing was required. When Lovell was resentenced in November 2013, the district court again mentioned the unproven information. The court also expressed concern Lovell was not taking responsibility for his crimes and instead was blaming the child. Our supreme court vacated the sentence and remanded

for resentencing before a different judge. *State v. Lovell*, 857 N.W.2d 241, 243 (Iowa 2014) (explaining "although the district court attempted to disclaim the reference to the impermissible sentencing factor, 'we cannot speculate about the weight the sentencing court gave to these unknown circumstances. Since we cannot evaluate their influence, we must strike down the sentence'" (citation omitted)).

On March 6, 2015, Lovell again appeared for sentencing. The district court assured the parties that it reviewed the presentence investigation (PSI) report, but noted "for the record" it would not consider any criminal history that did not result in a conviction. The State again asked the court to impose consecutive prison sentences for the two counts. Defense counsel asked the court to follow the PSI recommendation, "which calls for probation and possibly a Residential Correctional Facility." Counsel noted his client was seventy years old, had no other criminal history, and admitted guilt. Lovell opted not to exercise his right of allocution, and the victim was not present to speak at sentencing, though she had done so at the previous hearings.

The district court imposed indeterminate five-year prison terms on each count, ordering Lovell to serve them consecutively. The court stated: "The reasons for the sentences are your age, the nature of the offenses, protection of the community, the fact that these were separate incidents." The court further stated "the overall sentencing plan here warrants consecutive sentences."

On appeal, Lovell argues the district court's "boilerplate language is insufficient" to allow review of its exercise of discretion. In legal usage, "boilerplate" means "ready-made or all-purpose language that will fit in a variety

of documents." Bryan A. Garner, *Garner's Dictionary of Legal Usage* 115 (3d ed. 2011).[1] Our supreme court has "rejected a boilerplate-language approach that does not show why a particular sentence was imposed in a particular case." *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015). But the *Thacker* court opined "terse reasoning can be adequate" if "the statement in the context of the record demonstrates what motivated the district court to enter a particular sentence." *Id.*

In seeking to uphold the sentence, the State argues the district court's list of reasons "viewed within the context of the entire sentencing proceeding, provide an explanation which is sufficient for the court's discretionary decision to be reviewed." The State contends the court properly considered that Lovell was nearly seventy years of age at the time of the offenses—a mature adult with "a fully developed understanding of right and wrong, such that there is no excuse for his behavior." The State also argues the court's motivation for imposing consecutive prison terms rather than probation can be detected from its references to the nature of the offenses, their commission on entirely separate occasions, and the need to protect the community. On the need to protect the community from Lovell, the State points to the defendant's version of events in the PSI where he fails to accept full responsibility for the offenses, stating the child "came on to me but I let her" and he was also a victim of the events.

This case illustrates the tightrope walk that must be performed by a sentencing judge. *See State v. Thomas*, 520 N.W.2d 311, 313 (Iowa Ct. App.

---

[1] The term originated from "the newspaper business, in which it originally referred to syndicated material in mat or plate form." *Garner's Dictionary of Legal Usage* at 115.

1994) (recognizing "sentencing process can be especially demanding and requires trial judges to detail, usually extemporaneously, the specific reasons for imposing the sentence"). Say too much and be perceived to have considered impermissible factors; say too little and risk not providing adequate reasons for the chosen sentence. Clearly, the court performing Lovell's re-resentencing tried to avoid the pitfall of considering improper information.

The question here is whether the somewhat succinct and generic nature of the court's statement of reasons "handicaps our review of the sentencing discretion." *See State v. Carberry*, 501 N.W.2d 473, 478 (Iowa 1993) (upholding sentences despite "extremely terse" statement by the court because it was "reasonably clear from what was said that the judge imposed consecutive sentences based on his perception of the aggregate culpability of two separate and distinct heinous offenses"). We conclude the court's statement of reasons, viewed in context, provides a sufficient basis for us to evaluate its motivation for ordering consecutive sentences. *See State v. Johnson*, 445 N.W.2d 337, 343 (Iowa 1989). As in *Johnson*, the sentencing court announced its review of the PSI and cited several pertinent factors that accounted for the decision to boxcar the prison terms. We find no abuse of discretion in the sentencing court's compliance with rule 2.23(3)(d).

**AFFIRMED.**