# IN THE COURT OF APPEALS OF IOWA

No. 18-1112
Filed October 9, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KENNETH JEROME WINSTON,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg,

Judge.


        Kenneth Winston appeals his sentences following his guilty pleas.

**AFFIRMED.**


        Heidi Young of Parrish Kruidenier Dunn Boles Gentry Brown & Bergmann

L.L.P., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Katie Krickbaum, Assistant

Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Kenneth Winston pled guilty to willful injury, in violation of Iowa Code section 708.4(1) (2018) (a class 'C' felony); willful injury, in violation of Iowa Code section 708.4(2) (a class 'D' felony); and possession of a controlled substance with intent to deliver as an habitual offender, in violation of Iowa Code sections 124.401(1)(c)(3), 902.8 and 902.9(1)(c) (a class 'C' felony). The district court sentenced Winston to ten, five, and fifteen-year terms of incarceration for his three convictions, ordering the sentences to run concurrent to each other but consecutive to Winston's sentence for his parole violation.[1]

Winston appeals contending the sentencing court abused its discretion in ordering him to serve his willful-injury and possession sentences consecutive to his parole-violation sentence.[2] He argues the court failed to provide a sufficient explanation on the record as to why it ordered the sentences to run consecutive to his parole-violation sentence.

We review Winston's sentencing challenge for an abuse of discretion. *See State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015) (stating a challenge to a sentence that is within the statutory terms is reviewed for an abuse of discretion). An abuse of discretion occurs when the evidence does not support the sentence. *See State v. Valin*, 724 N.W.2d 440, 445 (Iowa 2006). When the sentences

---

[1] Iowa Code section 908.10(2) provides that when a person is convicted and sentenced to incarceration for a felony committed while on parole, the new sentence of imprisonment for conviction of the felony shall be served consecutively with the term imposed for the parole violation, unless a concurrent term of imprisonment is ordered by the court.
[2] Our supreme court decided recent amendments to Iowa Code section 814.6 (2019) limiting direct appeals from guilty pleas apply only prospectively and do not apply to cases, like this one, pending on July 1, 2019. *See State v. Macke*, ___ N.W.2d ___, ___, 2019 WL 4382985, at *7 (Iowa 2019).

imposed are within the statutory limits, they are "cloaked with a strong presumption" in their favor. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

Iowa Rule of Criminal Procedure 2.23(3)(d) establishes, "The court shall state on the record its reason for selecting the particular sentence." This applies to a district court's decision to impose consecutive sentences. *See State v. Oliver*, 588 N.W.2d 412, 414 (Iowa 1998). Our supreme court has reiterated the purpose of requiring the sentencing court to state its reasons for selecting a particular sentence on the record is to ensure "defendants are well aware of the consequences of their criminal actions" and, most importantly, to allow us "the opportunity to review the discretion of the sentencing court." *State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016) (quoting *State v. Thompson*, 856 N.W.2d 915, 919 (Iowa 2014)). A "terse and succinct" statement may suffice "when the reasons for the exercise of discretion are obvious in light of the statement and the record before the court." *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015). Furthermore, "courts should also explicitly state the reasons for imposing a consecutive sentence, although in doing so the court may rely on the same reasons for imposing a sentence of incarceration." *Hill*, 878 N.W.2d at 275.

Winston asserts the sentencing court failed "to take into consideration [his] age and chances of reform. Rather, district court focuses only on the nature of the offense, [his] status on parole at the time of the offenses and the Court's belief [he] is a danger to the public." He contends the court's explanation for running his sentences consecutive to his parole violation sentence was inadequate. We disagree.

At the sentencing hearing, the district court stated:

The Court has reviewed the presentence investigation report. I have also taken into account the victim impact statements made here today. The Court observes that Mr. Winston is approximately 38 years old. The presentence investigation report states and lists numerous attempts of rehabilitation for [Winston]. All have, apparently, failed.

In addition, the Court finds that there is indeed a pattern with a propensity to violence. The presentence investigation writer indicated that there was a high risk of violence by [Winston].

The Court, therefore, issues the following judgment: The Court has considered the age, the nature of the offense, the circumstances, and the presentence investigation report . . . .

. . . .

As stated, the sentences are run concurrent to each other and consecutive to his parole. The Court has considered that [Winston] is a danger to—for further criminal activity, and the Court must protect the public from further criminal activity.

And on the sentencing order, the court checked the boxes stating that the sentences were consecutive based on "the separate and serious nature of the offenses" and the fact that the crimes were committed while Winston was on "parole/probation." The court also checked the boxes on the order stating it considered Winston's "age," his "prior record of convictions and deferments of judgment, if any," "the nature of the offense committed," and "the plea agreement" in imposing a sentence that would "provide maximum opportunity for rehabilitation of defendant and protection of the community from further offenses."

A review of both the transcript of the sentencing hearing and the sentencing order reveals that the court offered specific reasons for the decision for consecutive sentences. The court provided sufficient and adequate reasons to sentence Winston to consecutive terms, and it based its decision on reasonable and valid considerations. We find the court's statement of its reasons satisfies rule 2.23(3)(d). The court did not need to specifically acknowledge each claim of

mitigation urged by the defendant. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). So we find no abuse of discretion. *See Seats*, 865 N.W.2d at 552.

**AFFIRMED.**