# IN THE COURT OF APPEALS OF IOWA

No. 18-1563
Filed December 18, 2019

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**JODIE MARIE HILL,**
     Defendant-Appellant.

_____

     Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell, Judge.

     Jodie Hill appeals the imposition of consecutive sentences following her guilty pleas. **AFFIRMED.**

     Thomas Hurd of Greenberg & Hurd, LLP, Des Moines, for appellant.

     Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

     Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**DOYLE, Presiding Judge.**

Jodie Hill pled guilty to possession of a controlled substance, methamphetamine, third offense, with the habitual offender enhancement, and to third-degree theft. In a second case, Hill pled guilty to possession of a controlled substance, methamphetamine, third offense, without the habitual offender enhancement. At a combined sentencing hearing, Hill was sentenced to fifteen years in the first case. She was sentenced to five years in the second case, to run consecutive to the sentence in the first case, for a total period not to exceed twenty years. On appeal, she contends the district court violated Iowa Rule of Criminal Procedure 2.23(3)(d) by failing to state on the record the reasons for its decision to impose consecutive sentences. We affirm.

We review Hill's sentencing challenge for an abuse of discretion. *See State v. Thompson*, 856 N.W.2d 915, 918 (Iowa 2014) ("We will reverse a decision of the district court when an abuse of discretion occurs or there is some defect in the sentencing procedure."). "The failure of the district court to adequately cite its reasons for a sentence on the record is ordinarily reversible error." *State v. Thacker,* 862 N.W.2d 402, 409 (Iowa 2015).

Iowa Rule of Criminal Procedure 2.23(3)(d) requires, "The court shall state on the record its reasons for selecting the particular sentence." This applies to a district court's decision to impose consecutive sentences. *See State v. Oliver*, 588 N.W.2d 412, 414 (Iowa 1998). Our supreme court has reiterated the purpose of requiring the sentencing court to state its reasons for selecting a particular sentence on the record is to ensure "defendants are well aware of the consequences of their criminal actions" and, most importantly, to allow us "the

opportunity to review the discretion of the sentencing court." *State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016) (quoting *Thompson*, 856 N.W.2d at 919). A "terse and succinct" statement may suffice "only when the reasons for the exercise of discretion are obvious in light of the statement and the record before the court." *Thacker*, 862 N.W.2d at 408. Furthermore, "courts should also explicitly state the reasons for imposing a consecutive sentence, although in doing so the court may rely on the same reasons for imposing a sentence of incarceration." *Hill*, 878 N.W.2d at 275. We may not infer the same reasons apply as part of an overall sentencing plan. *Id.*

When pronouncing its sentence, the district court stated:

All right. I appreciate the statement that you made, and I've reviewed the case. I've had the case in front of me, really, for quite some time because we had quite a few hearings with regard to the first case because the case kept getting continued. I reviewed the presentence investigative report as well, so I'm familiar with that.

I talk to people a lot of the time about having a plan and thinking about a plan, and your plan was really good. I really like it. But when I consider what to do with someone, I have to think about what's the likelihood that they're going to follow through with that kind of plan or how they are going to do on probation. One of the things I know I look at, obviously, is the presentence investigation, because that tells me what their history is like. And you've reviewed the presentence investigation report. You know what your history is like. It's just not very good. I mean, you have a lot. You know, a long history of convictions of crimes, and that's why the presentence investigative report writer recommended prison.

Now, notwithstanding that, when you came up before the Court in [the first case], the State was willing to consider probation based upon you getting into treatment and showing effort toward your rehabilitation prior to that sentencing hearing. And that is really important to me on how people do during that time frame, because I think it's reflective of how people are going to do during probation. It's kind of a tryout for probation in a way, and you failed that. You didn't go to treatment. You committed another meth offense.

And that was very similar circumstances to which you had with regard to the first offense, the first offense where you were out at Fleet Farm and committed a theft. And then you're discovered with

meth on you. And the second offense was at Hy-Vee and they didn't press charges against you so there's not theft issue there, but those are the circumstances in which the police were called to the store and they found meth on you. And those are the public protection issues that I think are notable. Not in the same sense where that's assault or things like that, but people have the right to protection from loss of their property and not having things taken from them and not having people in their facilities that are using and carrying illegal drugs. I mean, those are notable.

You know, based upon all the issues I have reviewed and the presentence investigative report and particularly how you did [a]waiting sentencing from the older case to the time you committed the new case, I don't think probation is in order. I don't find that you have a likelihood of being successful on probation at this point in time, and I think for the protection of the public and, really, probably for your own rehabilitation, prison is in order.

And you can keep working on that plan and when you're released from prison, I think that plan is something you should put into place. I don't disagree with that. That's the one thing I don't disagree with. Your plan is excellent. If there's a lot of people that would follow through with that kind of plan, I think there would be more success. If you had put that plan into place as of May 3rd, which is, I think the date in which you pled on the earlier case, you know, we probably wouldn't be talking about prison at all. The State would be recommending probation themselves. But you didn't put that kind of plan into place. You didn't do anything positive.

So those are the reasons why I am going to be granting the request of the State and deny probation and I'll be sending you to prison. So that will be the decision of the Court.

The court's statement does not explicitly address its reasons for imposing consecutive sentences, and Hill contends the sentencing court "failed to go beyond articulating why it was denying probation." But there is more.

On the form Plea/Sentencing Order, the court checked the box stating that the sentences were consecutive based on "the separate and serious nature of the offenses." In a footnote in his appellate brief, Hill acknowledges the court checked the box on the form sentencing order that consecutive sentences were imposed based on the separate and serious nature of the offenses, "but never announced this information on the record." Because the sentencing court did not announce

its reasons for consecutive sentences in open court at the sentencing hearing, Hill concludes the court violated rule 2.23(3)(d). Hill's conclusion is flawed. A sentencing court can satisfy rule 2.23(3)(d)'s requirement "by orally stating the reasons on the record *or placing the reasons in the written sentencing order*." *Thompson*, 856 N.W.2d at 919 (emphasis added). The court complied with rule 2.23(3)(d) in checking the box on the written form sentencing order giving its reasons for imposition of consecutive sentences.

Having found the sentencing court satisfied rule 2.23(3)(d)'s requirement to state on the record its reasons for imposition of consecutive sentences, we affirm.

**AFFIRMED.**