# IN THE COURT OF APPEALS OF IOWA

No. 21-0638
Filed March 30, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JEREMIAH COLLINS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dubuque County, Michael J. Shubatt, Judge.

Defendant appeals his sentence on abuse of discretion grounds. **SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Greer and Ahlers, JJ.

**GREER, Judge.**

Jeremiah Collins pled guilty to carrying weapons and first-degree theft. The district court sentenced Collins to two years and ten years, respectively, suspended both sentences, and placed Collins on probation. Both on the record at the sentencing proceeding and in the written sentencing order, the court indicated that Collins would serve the imposed sentences consecutively if his probation was revoked in the future. Collins appeals, arguing the court failed to state reasons for imposing consecutive terms.

## I. Background Facts and Proceedings

In late 2020, Jeremiah Collins was charged with four counts: (count I) trafficking stolen weapons, (count II) carrying weapons, (count III) second-degree theft, and (count IV) first-degree theft. A few months later, Collins entered into a written guilty plea on counts II and IV—carrying weapons and first-degree theft. In exchange, the State dismissed the other two counts. The district court accepted the plea agreement under guidelines allowed during the COVID-19 pandemic. *See In the Matter of Ongoing Provisions for Coronavirus/COVID-19 Impact on Court Services*, ¶ 14 (Nov. 24, 2020).

Collins appeared for his sentencing hearing on April 19, but the district court continued the hearing until the next morning to allow it more time to consider the appropriateness of a deferred judgment. After consideration, the district court declined to order a deferred judgment. Instead, the district court ordered a two-year sentence for the carrying-weapons charge and a ten-year sentence for the first-degree-theft charge. The court suspended the sentences and placed Collins on probation. The court stated its reasons for doing so: "[T]he above sentence is

most likely to protect society and rehabilitate the defendant based upon the nature of the offense, defendant's prior record, and the recommendation of the parties and for the reasons stated in the PSI, if any." The court then stated "[The ten-year sentence] will run consecutive to Count II if probation is ever revoked and the term is imposed." The sentencing order contains a similar provision—the form includes the following language: "Consecutive/Concurrent. Pursuant to Iowa Code Section(s) 901.5(9)(c) and 901.8, the above sentence(s) of confinement shall be served," to which the court added, "consecutive, if ever revoked."

Collins appeals, asking us to vacate his sentence. He argues the district court erred by failing to give a separate reason for stating that his sentence would "run consecutive if probation were revoked and a term imposed."

## II.  Analysis

"Errors in sentencing, including contentions the trial court failed to articulate adequate reasons for a particular sentence, 'may be challenged on direct appeal even in the absence of an objection in the district court.'" *State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015) (citation omitted). And even though guilty pleas are normally not appealable when the crime is not a class "A" felony, Iowa Code section 814.6(1)(a)(3) (2020) provides for an appeal from a guilty plea "where the defendant establishes good cause." Good cause exists when the defendant challenges the sentence, rather than the guilty plea itself. *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). So, as the State agrees, Collins satisfies the good cause requirement.

Turning to the merits of Collins's challenge to his sentence, we review sentencing decisions for correction of errors at law. *State v. Valin*, 724 N.W.2d

440, 444 (Iowa 2006). "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *State v. Letscher*, 888 N.W.2d 880, 883 (Iowa 2016) (citation omitted). In exercising discretion at sentencing, the district court must weigh and consider "all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform." *Thacker*, 862 N.W.2d at 405 (quoting *State v. Johnson*, 476 N.W.2d 330, 335 (Iowa 1991)). Iowa Rule of Criminal Procedure 2.23(3)(d) also provides that the court must state on the record the reasons for selecting the particular sentence. This also applies to the decision to impose consecutive terms. *State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016). The purpose of requiring the sentencing court to state the reasons for the sentence is to "ensure[] defendants are well aware of the consequences of their criminal actions" and to afford appellate courts "the opportunity to review the discretion of the sentencing court." *Id.* (citations omitted).

Here, the State claims the court sentenced Collins to concurrent, suspended sentences. But neither the sentencing hearing nor the written sentencing order includes the word "concurrent." And, if the court wanted to impose consecutive sentences after a probation violation as here, the court must have imposed consecutive terms in the original sentencing proceeding. *See* Iowa Code § 908.11(4) (allowing the probation violation court to, at most, "revoke the probation . . . and require the defendant *to serve the sentence imposed or any lesser sentence*" (emphasis added)). So we conclude the court sentenced Collins to consecutive, suspended sentences.

Because the court sentenced Collins to consecutive sentences, it had to "explicitly state the reasons for imposing a consecutive sentence." *Hill*, 878 N.W.2d at 275. It does not matter that the court suspended these sentences; it still had to provide reasons for imposing consecutive terms. *See State v. Oliver*, 588 N.W.2d 412, 415 (Iowa 1998) (rejecting the State's argument "that because the consecutive sentence provision would only take effect if the defendant violated the terms of probation, the court was not required to give any reasons for choosing such a sentence"). "[A]lthough the suspension of a sentence prevents or delays its execution, it does not alter its character as a sentence of confinement." *Id.* So rule 2.23(3)(d)—requiring the court to give adequate reasons for selecting a particular sentence—and *Hill* apply here.

After reviewing the record, we conclude the court was silent as to the reasons for imposing consecutive sentences. While the court considered the sentencing options before it at length,[1] we cannot say any of its provided reasoning was tied to its decision to impose consecutive sentences. *Cf. Hill*, 878 N.W.2d at 275 (allowing the court to "rely on the same reasons for imposing a sentence of incarceration" "for imposing a consecutive sentence"). Thus, the district court erred, and we vacate Collins's sentences and remand for resentencing.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

---

[1] To be sure, the district court struggled with its decision on Collins's sentences. After considering the recommendations of both sides, the district court offered its reasoning in detail. But the court's reasoning focused on the choice between a deferred judgment and imposing suspended sentences. Both the State and Collins agree with that characterization in their appellate briefing.