# IN THE COURT OF APPEALS OF IOWA

_____

No. 25-0243
Filed February 11, 2026

_____

**State of Iowa,**
Plaintiff–Appellee,

v.

**Kenneth Lee Burke,**
Defendant–Appellant.

_____

Appeal from the Iowa District Court for Marshall County,
The Honorable John J. Haney, Judge.

_____

**AFFIRMED**

_____

Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant
Appellate Defender, attorneys for appellant.

Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney
General, attorneys for appellee.

_____

Considered without oral argument
by Tabor, C.J., and Badding and Sandy, JJ.
Opinion by Sandy, J.

1

**SANDY, Judge.**

Sentencing is an exercise of judgment, not arithmetic. When imposing sentence, a district court must weigh competing considerations—rehabilitation, deterrence, and protection of the community—based on the individual before it and the offense committed. Here, the record demonstrates the district court did exactly that. Because the court considered the relevant statutory factors and articulated a reasoned basis for its decision, we affirm.

## BACKGROUND FACTS & PROCEDURAL POSTURE

Between approximately October 2020 and March 2021, Kenneth Lee Burke resided in Marshalltown, Iowa, with Yanna and her minor daughter, R.G., who was approximately seven years old during that period. Burke had regular access to R.G., including occasions when he cared for her while Yanna was at work.

In early December 2021, Yanna discovered a handwritten note authored by R.G. that raised concerns of inappropriate conduct. Yanna reported the matter to law enforcement. R.G. later participated in a forensic interview at a child protection center, during which she described multiple incidents of sexual contact with Burke. The conduct described was alleged to have occurred during the period when R.G. lived in Burke's household.

As a result of the investigation, the State charged Burke with three counts of second-degree sexual abuse, class "B" felonies, and one count of indecent contact with a child, an aggravated misdemeanor. The matter proceeded to a jury trial in October 2024.

After the State rested its case in chief, the parties reached a plea agreement. Under the agreement, the State amended the three felony counts

to lascivious acts with a child, class "C" felonies. Burke entered guilty pleas to those amended counts and to the indecent-contact charge. The plea agreement did not include any agreement as to the imposition of sentence, and both parties retained the right to make sentencing recommendations.

A presentence investigation report (PSI) was prepared for the court. The PSI reflected that Burke had no prior criminal history and included information concerning his age, education, military service, employment history, family circumstances, and lack of reported substance-use or mental-health issues. The PSI recommended suspended sentences and probation.

At the sentencing hearing, the State requested consecutive terms of imprisonment, while the defense urged the court to adopt the recommendation of the PSI. Burke declined to make a statement in allocution. The district court stated on the record that it had considered the statutory sentencing options and factors, including the parties' recommendations, the information contained in the presentence investigation report, Burke's personal history, the nature of the offenses, the harm to the victim, the need for rehabilitation, and the protection of the community.

The court imposed indeterminate prison sentences of up to ten years on each of the three felony counts and up to two years on the aggravated misdemeanor count, with all sentences to run concurrently. The court also imposed the statutorily required special sentences and collateral consequences. In its oral pronouncement and written sentencing order, the court stated that the sentence was imposed to provide for Burke's rehabilitation and to protect the community, based on its consideration of the relevant sentencing factors.

Burke filed a notice of appeal following entry of judgment and sentence. He does not challenge the validity of his guilty pleas or the convictions entered thereon. Instead, he appeals only the sentence imposed, asserting that the district court abused its discretion. Because the appeal challenges the sentence rather than the guilty pleas, the parties do not dispute that good cause exists to pursue the appeal.

## STANDARD OF REVIEW

The Court's review of a sentence imposed in a criminal case is for correction of errors at law. *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). The Court will not reverse a sentence within the statutory limits "absent an abuse of discretion or some defect in the sentencing procedure." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "An abuse of discretion will be found only when a court acts on grounds clearly untenable or to an extent clearly unreasonable." *State v. Oliver*, 588 N.W.2d 412, 414 (Iowa 1998). "Sentencing decisions of the district court are cloaked with a strong presumption in their favor." *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996).

## DISCUSSION

Burke contends the district court abused its discretion by imposing prison sentences based solely on the nature of the offenses. The record does not support that claim.

Although a sentencing court may not rely on a single factor to the exclusion of all others, it is well settled that the court may assign greater weight to one factor over others without abusing its discretion. *See State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983).

This case closely parallels *State v. Erickson*, where the defendant also argued the district court impermissibly relied on the nature of the offense in imposing sentence. No. 23-0925, 2024 WL 2317380, at *1–2 (Iowa Ct. App. May 22, 2024). We rejected that argument, emphasizing that the sentencing court's express consideration of the PSI, the defendant's background, and rehabilitation prospects demonstrated a proper exercise of discretion—even where the court placed particular emphasis on the seriousness of the offense. *Id.* at *2–3. The same is true here.

At sentencing, the district court expressly articulated its consideration of the full range of statutory factors, including Burke's personal characteristics, the PSI, the parties' recommendations, rehabilitation, and community protection. The court stated:

> I have considered all the sentencing options that are provided for in Chapters 901 and 907 of the Iowa Code, and my judgment relative to sentence is based on that which will provide you the maximum opportunity to rehabilitate yourself, while at the same time, protecting the community from further offenses by you or others who are similarly situated to you.

The court then identified specific, individualized factors it weighed:

> I've considered your age; I've considered your education; I've considered your prior criminal history, which, frankly, is nonexistent. I've considered your employment circumstances, your family circumstances.

The court further confirmed it reviewed the PSI and related materials:

> I've considered the information contained in the [PSI]. I've also considered the information in the evaluation that was attached to that [PSI].

As in *Erickson*, the court's express reference to the PSI necessarily reflects consideration of its contents, including Burke's lack of criminal history, work record, and other mitigating information. The sentencing record therefore

refutes the claim that the court focused on a single factor to the exclusion of all others.

After outlining the factors it considered, the district court explained why probation was not appropriate in this case:

> Based on my consideration of those factors, and with, quite frankly, my consideration of the reprehensible nature of these offenses and the harm that was caused to this young lady, I do not believe probation is appropriate in this case.

The court later reiterated the rationale for the sentence imposed:

> The Court imposes this sentence because I believe it does, indeed, provide you [with] the maximum opportunity to rehabilitate yourself, while at the same time, protecting the community and impressing upon you and others similarly situated the serious nature of this offense and the harm it's caused to the victim.

Notably, after determining incarceration was warranted, the court exercised additional discretion by ordering all sentences to run concurrently, rather than consecutively. In doing so, the court explained:

> considering the information that I have gleaned from the record before me, I'm gonna run these four counts concurrent to each other . . . . I believe running those sentences concurrent will meet the goals that I discussed that are necessary for me to consider.

This aspect of the sentence further undermines any claim that the court reflexively imposed punishment based solely on the nature of the offenses. Instead, the court calibrated the sentence to balance rehabilitation, deterrence, and community protection—precisely the type of individualized sentencing that is required. Accordingly, Burke has not overcome the strong

presumption in favor of the district court's sentencing decision, and the sentence should be affirmed.

**AFFIRMED.**