# IN THE COURT OF APPEALS OF IOWA

————————

No. 25-0551
Filed February 11, 2026

————————

**State of Iowa,**
Plaintiff–Appellee,
v.
**Janackery Romello Winston,**
Defendant–Appellant.

————————

Appeal from the Iowa District Court for Black Hawk County,
The Honorable Linda M. Fangman, Judge.

————————

**AFFIRMED**

————————

Cathleen J. Siebrecht of Siebrecht Law Firm, Pleasant Hill, attorney for
appellant.

Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney
General, attorneys for appellee.

————————

Considered without oral argument
by Tabor, C.J., and Badding and Sandy, JJ.
Opinion by Sandy, J.

1

**SANDY, Judge.**

Sentencing requires courts to weigh rehabilitation against accountability, hope against history. The district court undertook that task here with care, grounded its decision in the record, and explained why incarceration was warranted. We decline to second-guess that judgment and therefore affirm.

## STATEMENT OF FACTS & PROCEDURAL POSTURE

In June 2024, law enforcement responded to a report of a disturbance at an apartment complex in Waterloo, Iowa. The investigation led authorities to conclude that the defendant, Janackery Romello Winston, entered an apartment without permission during the late evening hours. The State alleged that Winston forced entry through a locked door and engaged in physical altercations with occupants of the residence before leaving the scene. Based on that conduct, the State charged Winston with burglary in the first degree.

In October 2024, the parties reached a plea agreement. Under the agreement, Winston entered an Alford plea to an amended charge of burglary in the second degree, a class "C" felony, in violation of Iowa Code section 713.5 (2024). The plea agreement permitted both parties to argue freely regarding sentencing. The district court accepted the plea and ordered the preparation of a presentence investigation report (PSI).

The PSI detailed Winston's criminal history, personal background, and supervision history, and recommended a term of incarceration. A subsequent addendum to the report included information from a psychiatric evaluation conducted while Winston was in jail. That evaluation resulted in

provisional diagnoses related to mood regulation and post-traumatic stress, and noted recommendations for follow-up treatment.

At sentencing, the State requested imposition of an indeterminate ten-year prison term. Winston requested that the sentence be suspended and that he be placed on supervised probation. In support of that request, Winston emphasized his age, employment history, periods of lawful behavior, and recent engagement with his mental-health evaluation. He also personally addressed the court and expressed remorse for his conduct.

The district court considered the parties' arguments, the PSI, and Winston's allocution. In explaining its sentencing decision, the court discussed Winston's criminal history, prior experiences with supervision and incarceration, compliance with court orders, and the nature of the present offense. The court acknowledged Winston's mental-health history but also noted concerns regarding follow-through with treatment recommendations and compliance while the case was pending. The district court entered judgment and sentence, adjudicating Winston guilty of burglary in the second degree and imposing an indeterminate term of imprisonment not to exceed ten years.

Winston filed a notice of appeal. On appeal, he challenges only the sentence imposed by the district court, asserting that the court abused its discretion in selecting incarceration rather than a suspended sentence. Because the appeal contests the sentence rather than the validity of the guilty plea, the parties do not dispute that Winston has established good cause to appeal under Iowa Code section 814.6 (2025).

## STANDARD OF REVIEW

We review a sentence imposed in a criminal case for correction of errors at law. *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). An abuse of discretion will be found only when a court acts on grounds clearly untenable or to an extent clearly unreasonable. *State v. Oliver*, 588 N.W.2d 412, 414 (Iowa 1998). "Sentencing decisions of the district court are cloaked with a strong presumption in their favor." *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996) (citation omitted).

## DISCUSSION

Winston argues the district court abused its discretion by imposing incarceration rather than a suspended sentence, asserting the court failed to adequately credit his mental-health history, remorse, and prospects for rehabilitation. We are not persuaded.

We do not reweigh sentencing factors or substitute our judgment for that of the district court. *Formaro*, 638 N.W.2d at 725. The sentencing record demonstrates the district court considered the appropriate factors under Iowa Code section 901.5. The court reviewed the PSI and addendum, heard argument from both parties, and considered Winston's allocution. In explaining its decision, the court emphasized Winston's extensive criminal history, repeated failures on supervision, and violations of court orders. The court observed: "When I look at the different sentencing opportunities you've had, you've received fines. You went to federal prison. You were on federal supervised release. You got revoked. You went back to federal prison. You got revoked. And then you had supervised release again."

The court also addressed Winston's mental-health history and acknowledged his ability to comply with the law despite those challenges, noting: "In spite of mental health concerns, you have been able to overcome those and still follow the law for a lengthy period of time." But the court reasonably weighed that history against Winston's conduct while the case was pending, including failures to follow treatment recommendations and violations of court orders after entering his plea. As the court explained: "When you commit new violations it's because you're choosing to do that, because you know what you're supposed to do and what you're not supposed to do." It concluded that "[t]he best indicator of future behavior is past behavior . . . . For all of those reasons as well as the reasons in the PSI, I find that the prison term is appropriate."

This is precisely the type of discretionary balancing contemplated in *Formaro*. Although probation may have been a permissible option, the district court was equally justified in selecting incarceration. *See Formaro*, 638 N.W.2d at 725. The court articulated legitimate, record-supported reasons for its decision and did not rely on impermissible considerations. Because the sentence was authorized by statute and grounded in a reasoned assessment of the relevant factors, Winston has not overcome the strong presumption in favor of the district court's sentencing decision. We therefore affirm.

**AFFIRMED.**