# IN THE COURT OF APPEALS OF IOWA

No. 20-0921
Filed June 16, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DEVIN DUQUON MAIN-PATTERSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Fae Hoover Grinde, Judge.


        The defendant appeals his sentence for second-degree robbery. **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Kyle Hanson and Genevieve Reinkoester, Assistant Attorneys General, and Josh Hughes, Law Student, for appellee.


        Considered by Vaitheswaran, P.J., Mullins, J., and Blane, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**BLANE, Senior Judge.**

Devin Duquon Main-Patterson appeals the sentencing court's imposition of a seven-year mandatory minimum sentence after he pled guilty to robbery in the second degree, in violation of Iowa Code sections 711.1(1) and 711.3 (2019), as part of a plea bargain. He complains the sentencing court abused its discretion by considering only one factor in deciding to impose the mandatory minimum. Finding the record does not support his contention, we affirm.

Around 10 p.m. on April 29, 2019, Main-Patterson, armed with a shotgun, entered the Quick Mart in Hiawatha, Iowa, along with an accomplice. The attendant was working alone in the store. Main-Patterson held the shotgun to her head and demanded all of the money while his accomplice went behind the counter and stole cigars and liquor. The two then fled with the money and goods. The police investigated and acquired overwhelming evidence that Main-Patterson had participated in the robbery, including surveillance video from the Quick Mart and a statement from a third accomplice who drove them to and from the robbery and helped count the money.

The State filed a trial information charging Main-Patterson with the crime of first-degree robbery, a class "B" felony, in violation of Iowa Code sections 711.1(1) and 711.2. On April 29, 2020, pursuant to a plea agreement, Main-Patterson entered a guilty plea to the lesser-included charge of second-degree robbery, a class "C" felony, in violation of Iowa Code sections 711.1(1) and 711.3. And, as part of that agreement, he also entered a guilty plea in a separate case to third-degree burglary, a class "D" felony, in violation of Iowa Code sections 713.1 and

713.6A (1). The court ordered a presentence investigation report to be completed and submitted before sentencing.

At sentencing, the sentencing court imposed terms of imprisonment not exceeding ten years for the second-degree robbery and not exceeding five years for third-degree burglary, with the sentences to run consecutively for a total of fifteen years. As for a mandatory minimum sentence on the robbery, the State requested the court impose a seven-year minimum, and Main-Patterson's counsel argued for five years. The court imposed the seven years, stating:

> With regard to the discretion vested with the court by Iowa Code Section 901.11(3), the court finds that it is appropriate to order Mr. Main-Patterson to serve seven years on the robbery sentence before he will be eligible for parole. The court has listened to the statement of [the attendant], and the court finds that there has been a substantial and very negative impact on her life based on the fact that she had a gun held to her head for a period of time during this robbery. She has described an interruption in her—substantial interruption in her life in terms of developing extreme fearfulness that makes it difficult for her to carry on with her daily life. It has interrupted her education, and she is now participating in therapy and taking medication in an effort to recover from or at least peacefully coexist with posttraumatic stress, depression and anxiety.

The court also specifically addressed the consecutive sentences saying:

> with regard to the consecutive sentences and the reasons for the court erring on the side of the heavier sentence, the maximum sentence on the robbery charge, the fact that it was a weapon that was not just brandished in a threatening manner, but it was pointed at the person, at the head or face of the individual from whom Mr. Patterson and his codefendant were attempting to obtain money, and that that experience has had a devastating effect on [attendant's] life, for those reasons the court finds that consecutive sentences as well as the upper end pursuant to [section] 901.11(3) are appropriate.

In the sentencing order, the court states:

> The reasons for this sentence include the [d]efendant's age, employment, family circumstances, prior record, the facts and circumstances of this offense, the contents and recommendation of

the [p]resentence [i]nvestigation [report], and the belief that this sentence will provide the greatest benefit to the [d]efendant and the community.

Following sentencing, Main-Patterson filed this appeal.[1]

Main-Patterson contends "[t]he district court erred and abused its discretion in only considering one factor in imposing a mandatory minimum sentence of seven years, rather than five years, on Main-Patterson's conviction for second-degree robbery." We review for an "abuse of discretion," our most deferential standard, "if the sentence is within the statutory limits." *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). Sentencing decisions of the district court are cloaked with a strong presumption in their favor. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

Iowa Rule of Criminal Procedure 2.23(3)(d) requires a sentencing court to "state on the record its reason for selecting the particular sentence" imposed. *See State v. Luedtke*, 279 N.W.2d 7, 8 (Iowa 1979). To satisfy the requirement of an on-the-record statement of reasons, the sentencing court can "orally state the reasons for sentencing at a reported sentencing hearing" or "can place the reasons in the written sentencing order." *State v. Alloway*, 707 N.W.2d 582, 585 (Iowa 2006), *overruled on other grounds by State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010).

If the record supports that the sentencing court identified only a single, nonspecific factor then there has been a failure to exercise discretion*. See State*

[1] Although we are precluded from hearing most appeals from guilty pleas, Main-Patterson challenges his sentence rather than the guilty plea, so we may address his claim. *See* Iowa Code § 814.6(1)(a)(3); *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

*v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995) (citing *State v. Dvorsky,* 322 N.W.2d 62, 66–67 (Iowa 1982). "[O]ur task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *State v. Crooks*, 911 N.W.2d 153, 173 (Iowa 2018) (alteration in original) (citation omitted.)

Our review of the record here supports that the sentencing judge considered and identified numerous, permissive factors in passing down Main-Patterson's sentence, including the nature of the offense and how carrying it out involved a dangerous weapon as well as the victim impact. These and other grounds were set out not only in the judge's statements on the record, but also in the sentencing order. They show the judge weighed the impact on the victim heavily, but not exclusively. The mandatory minimum imposed was within the statutory parameters, and all of the grounds stated are acceptable under our law. We find no abuse of discretion and affirm.

**AFFIRMED.**