# IN THE COURT OF APPEALS OF IOWA

No. 20-0752
Filed August 18, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DONTERIUS J. BOMAR,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Sarah E. Crane, Judge.


        Donterius Bomar appeals the sentence imposed on his conviction of first-degree robbery.  **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., Schumacher, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**CARR, Senior Judge.**

Donterius Bomar pled guilty[1] to second-degree murder and first-degree robbery. Bomar and the State agreed to jointly recommend consecutive prison sentences of fifty years for the murder conviction, with a seventy percent mandatory minimum sentence, and twenty-five years for the robbery conviction, with a fifty percent mandatory minimum sentence.[2] The district court adopted most of the parties' sentencing recommendation but deviated from it by imposing concurrent sentences and a seventy percent mandatory minimum sentence on the robbery conviction.[3]

On appeal, Bomar challenges the imposition of a seventy percent mandatory minimum sentence on his robbery conviction. We review a sentence for correction of errors at law. *See State v. Fetner*, 959 N.W.2d 129, 133 (Iowa 2021). Because the robbery sentence falls within the statutory limits, it "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Boldon*, 954 N.W.2d 62, 73 (Iowa 2021) (citation omitted). A sentencing court abuses its discretion when it imposes a sentence for reasons that are not supported by substantial evidence or misapplies the law. *See State v. Moore*, 936 N.W.2d 436, 439 (Iowa 2019).

---

[1] Because Bomar challenges his sentence rather than his guilty plea, he satisfies the "good cause" requirement of Iowa Code section 814.6(1)(a)(3) (2020). *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

[2] The recommendation would result in a total term of seventy-five years in prison, with Bomar serving a minimum of forty-seven and one-half years.

[3] The result is a total term of fifty years in prison, with Bomar serving a minimum of thirty-five years.

Iowa Code section 902.12(3) requires a person serving a sentence for first-degree robbery to serve between fifty and seventy percent of the maximum term. The sentencing court must determine the length of the mandatory minimum sentence "based upon all pertinent information including the person's criminal record, a validated risk assessment, and the negative impact the offense has had on the victim or other persons." Iowa Code § 901.11(3). Bomar argues the sentencing court abused its discretion "by failing to appropriately consider [those] factors."

In imposing sentence, the district court considered the presentence investigation report, statements made at the plea hearing, and statements made at the sentencing hearing. The court noted the seriousness of the offenses, which occurred close in time but involved different victims. After noting Bomar's mental health and his age, the court declined to impose consecutive sentences because Bomar "will still be facing a significant prison sentence and significant mandatory prison term," which the court hoped would allow him to consider and atone for his actions. The court imposed a seventy percent minimum sentence on the robbery charge instead of the fifty percent minimum the parties recommended, citing the seriousness of the crime and injury to a second victim. The written sentencing order further states that the court considered Bomar's age, criminal record, family circumstances, mental-health and substance-abuse history, the nature of the offense, the plea agreement, and the statutory sentencing requirements.

The court's statements at the sentencing hearing and in the written sentencing order show that it considered the factors set forth in section 901.11(3) in imposing a seventy percent mandatory minimum sentence. *See State v.*

*Alloway*, 707 N.W.2d 582, 585 (Iowa 2006) (noting that the court can satisfy the requirement to state its reasons for imposing sentence either by orally stating the reasons for sentencing at a reported hearing or in the written sentencing order), *overruled on other grounds by State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010)*, and State v. Thompson*, 856 N.W.2d 915, 921 (Iowa 2014). In each, the court stated it considered the information in Bomar's presentence investigation report, which included his criminal record and a risk assessment. Although the court did not refer specifically to the risk assessment or Bomar's criminal record in imposing sentence, it was not required to do so. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995) ("[T]he failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered."). And because the court ordered concurrent rather than consecutive sentences, the minimum amount of time Bomar must serve is less than the amount the parties recommended to the court. We find no abuse of discretion.

**AFFIRMED.**